**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JOSEPH EUGENE HOWARD,

                    Plaintiff,

v.                                                            CIVIL ACTION NO.   2:13-cv-11006

DAVID BALLARD,

                              Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court are a motion to dismiss filed by Defendants David Ballard, James McCloud, Jim Rubenstein, and the West Virginia Division of Corrections ("WVDOC") [ECF 33] and three motions for injunctive relief filed by Plaintiff [ECF 21, 56, 58].

*I. BACKGROUND*

Plaintiff is a prisoner in confinement at the Mount Olive Correctional Complex ("MOCC"), in Mount Olive, West Virginia, who claims that prison staff and others have conspired to murder him by placing foreign substances, such as urine and feces, into his food.

His Amended Complaint alleges that in August 2012, while incarcerated at MOCC, he became very ill for approximately ten days, during which time he recalls thinking that his "belches tasted exactly like FECES smells."   (ECF 12 at 1.)   Soon after he became ill, a correctional officer advised Plaintiff that "they're putting shit and piss into your coffee dude." (*Id.*)   The Amended Complaint does not allege that the correctional officer said who did so. (*Id.*)   In November 2012, a state police officer investigating Plaintiff's allegations "made

statements that clearly indicated that he not only verified that [MOCC] staff are responsible for harmful contaminants, including URINE and FECES, being put into the plaintiffs' [sic] food and drink but also that clearly indicated the harmful substances were put into his food and drink on more than one occasion."   (*Id.* at 2.)

The Amended Complaint names as defendants Warden David Ballard, Captain James McCloud, Commissioner Jim Rubenstein, WVDOC, and an unspecified number of John Does. Plaintiff alleged that the defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution and Article III, § 5 of the West Virginia Constitution.   (*Id.* at 3.)   Plaintiff alleges that the individual named defendants, whom Plaintiff sues in their individual capacities, failed to supervise and control John Doe subordinate staff members who were responsible for putting the foreign substances in Plaintiff's food and drink. (*Id.*)   Plaintiff further alleges that WVDOC is vicariously liable for the actions of its employees. (*Id.*)   Plaintiff seeks damages against the WVDOC for the maximum amount available under the State's insurance coverage, as well as damages against the individual defendants for an amount to be determined by the Court.   (*Id.*)

The original Complaint was filed on May 7, 2013.   On May 14, 2013, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation ("PF&R").   On March 30, 2014, the named defendants filed a motion to dismiss (ECF 33).   Subsequently, Plaintiff filed several motions for injunctive relief: a motion for the Court to order Plaintiff's release from prison (ECF 21), a motion for the Court to order Defendants WVDOC and David Ballard to provide Plaintiff with factory-sealed meals

and drinks (ECF 56), and a motion for the Court to hold a video hearing and to direct the defendants to test Plaintiff for illicit drugs (ECF 58).

Magistrate Judge Tinsley filed a PF&R (ECF 86) on February 10, 2015, recommending that this Court grant Defendants' motion to dismiss Plaintiff's Amended Complaint and deny Plaintiff's requests for injunctive relief.   After reviewing the record, Magistrate Judge Tinsley concluded that (1) Defendant West Virginia Division of Corrections has sovereign immunity from claims for monetary damages in federal court under the Eleventh Amendment to the United States Constitution, and no exception to sovereign immunity applies in the circumstances of this case; (2) the Amended Complaint fails to state a claim against Defendants Rubenstein, Ballard, and McCloud for violating the Eighth Amendment to the United States Constitution or Article III, § 5 of the West Virginia Constitution; and (3) Plaintiff has not made the required showing for the injunctive relief he seeks.   Accordingly, the PF&R recommends that Defendants' motion to dismiss be granted and Plaintiff's motions for injunctive relief be denied.[1]

Plaintiff timely filed objections (ECF 88), which the Court proceeds to consider below.

## II. STANDARD OF REVIEW

The Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1)(C).   However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the

---

[1] With respect to Plaintiff's motion for the Court to hold a video hearing and to direct Defendants to test Plaintiff for illicit drug (ECF 58), the PF&R recommends denying that part of Plaintiff's motion which asks the Court to direct Defendants to test Plaintiff for illicit drugs but states that the magistrate judge will grant by separate order that part of Plaintiff's motion which requests a video hearing (ECF 86 at 16 n.6).   On March 23, 2015, Magistrate Judge Tinsley granted Plaintiff's motion for a video hearing.   (ECF 93.)

findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   In addition, this Court need not conduct a *de novo* review "when a plaintiff makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."   *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).   In reviewing those portions of the PF&R to which Plaintiff has objected, this Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction.   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III. DISCUSSION

The Court will now consider each of the specific objections made by Plaintiff.[2]

### A.   WVDOC's Sovereign Immunity

Plaintiff objects to the PF&R's conclusion that the WVDOC has sovereign immunity from suit in federal court pursuant to the Eleventh Amendment to the United States Constitution. (ECF 88 at 2–3.)

The Eleventh Amendment of the United States Constitution provides:   "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."   U.S. CONST. amend. XI.   The Eleventh Amendment bars lawsuits brought in federal court against a State by its own citizens or citizens

---

[2]  In addition to the objections set forth below, Plaintiff also states that he incorporates by reference all his arguments set forth in other documents.   (*See* ECF 88 at 2, 3, 4, 6, and 8.)   "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute."   *Thomas v. Arn*, 474 U.S. 140, 147 (1985).   Plaintiff's incorporation by reference generally of all filings he has made with the Court does not "direct the Court to a specific error in the magistrate's proposed findings and recommendations," *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982), and the Court will not read it to state any additional objections requiring *de novo* review.

of another State.  *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (2009).  The Eleventh Amendment "extends also to 'state agents and state instrumentalities,' or stated otherwise, to 'arms of the State' and State Officials."  *Cash v. Granville Cnty. Bd. of Educ.*, 242 F.3d 219, 222 (4th Cir. 2001) (citations omitted).

Plaintiff argues in his objections that the Court has supplemental jurisdiction to consider his state law claims against Defendant WVDOC.   (ECF 88 at 3.)   It is true that supplemental jurisdiction allows federal courts to hear and decide state law claims along with federal law claims when they "are so related to claims in the action within [a court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), and it is also true that the Eleventh Amendment does not automatically deprive a court of original jurisdiction over claims asserted against a State, *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998).  However, "the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so," *id.*, and "[a] State's later invocation of the Eleventh Amendment place[s] [a] particular claim beyond the power of the federal courts to decide,"  *id.* at 391.

Because Defendant WVDOC has invoked its sovereign immunity (ECF 34 at 3), and because, for the reasons more fully stated in the PF&R, no exception to sovereign immunity applies in this case, the Court can no longer hear Plaintiff's monetary damage claims against it.

Plaintiff also argues that the magistrate judge

also cited *Pittsburgh Elevator Co. v. W. Va. Bd. of Regents*, 310 S.E.2d 675 (W. Va. 1983) and stated that the plaintiff attempted to vitiate the state's immunity by citing the language of *Pittsburg Elevator* but as can be seen by viewing the documents by the plaintiff in this matter, he has not referred to *Pittsburg Elevator*. The *Pittsburg Elevator* decision applies only to cases where the state has waived its sovereign immunity and not to cases wherein recovery is sought under and up

5

to the limits of the state's insurance coverage and the WVDOC is not immune
from liability in the plaintiff's case.

(ECF 88 at 3.)   In *Pittsburgh Elevator*, the Supreme Court of Appeals of West Virginia held

that "[s]uits which seek no recovery from state funds, but rather allege that recovery is sought

under and up to the limits of the State's liability insurance coverage, fall outside the traditional

constitutional bar to suits against the State."   Syl. Pt. 2, *Pittsburgh Elevator*, 310 S.E.2d at 676.

This case does not help Plaintiff, however, as "*Pittsburgh Elevator* waives the State's sovereign

immunity only to suits in state court, not federal court."   *Hampton by Bowling v. Tinder*, 732 F.

Supp. 43, 44 (S.D.W. Va. 1989).   *Accord Noe v. W. Va.*, No. 3:10-CV-36, 2010 WL 3075196,

at *4 (N.D.W. Va. Aug. 4, 2010).   The PF&R refers to this case in explaining that no exception

to sovereign immunity applies, notwithstanding the fact that Plaintiff seeks damages against the

WVDOC for the maximum amount available under the State's insurance coverage.   (ECF 86 at

8.)   Plaintiff's objection to this discussion in the PF&R is confused.   To the extent that

Plaintiff argues that *Pittsburg Elevator* does not provide an exception to the State's sovereign

immunity in this case, Plaintiff is correct, and Plaintiff is not in disagreement with the magistrate

judge.   To the extent that Plaintiff merely reasserts that WVDOC is not immune from liability,

Plaintiff's argument is baseless for the reasons earlier mentioned.   *See also, e.g., Berry v.

Rubenstein*, No. CIV.A.1:07-00535, 2008 WL 1899907, at *2 (S.D.W. Va. Apr. 25, 2008)

(damages claims against WVDOC are barred by the Eleventh Amendment).

Thus, there is no merit to Plaintiff's first objection.

*B. Monetary Damages for Violations of Article III, §5 of the West Virginia Constitution*

Plaintiff objects to the PF&R's conclusion that, to the extent Plaintiff alleged a claim

against the individual defendants under Article III, §5 of the West Virginia Constitution, the

6

Amended Complaint fails to state a claim upon which relief can be granted, because Article III of the West Virginia Constitution does not give rise to claims for monetary damages and no independent statute authorizes money damages for violations of the West Virginia Constitution. (ECF 88 at 4.)

Plaintiff argues, without more detail, that the magistrate "has confused the plaintiff's state law claim against the WVDOC with his federal law claims against the defendants sued in their individual capacities."   (*Id.* at 4.)   The Court finds no basis for this assertion.

The Supreme Court of Appeals of West Virginia has held that "[a] person brutalized by state agents while in jail or prison may be entitled to: (a) A reduction in the extent of his confinement or his time of confinement; (b) Injunctive relief, and subsequent enforcement by contempt proceedings . . . ; (c) A federal cause of action authorized by 42 U.S.C. § 1983; and (d) A civil action in tort."   Syl. Pt. 4, *Harrah v. Leverette*, 165 W.Va. 665, 666 (1980).   However, a violation of Article III, §5 of the West Virginia Constitution does not independently give rise to claims for money damages.   *McMillion-Tolliver v. Kowalski*, No. 2:13-CV-29533, 2014 WL 1329790, at *2 (S.D.W. Va. Apr. 1, 2014); *Smoot v. Green*, No. CIV.A. 2:13-10148, 2013 WL 5918753, at *4 (S.D.W. Va. Nov. 1, 2013).   In addition, state constitutional rights are not enforceable under § 1983.   *See West v. Atkins*, 487 U.S. 42, 48 (1988) (to state a claim under § 1983, a plaintiff must allege, *inter alia*, the violation of a right secured by the Constitution and laws of the United States).

Plaintiff does not have a cause of action for monetary damages arising from a violation of his rights under Article III, §5 of the West Virginia Constitution.   Thus, Plaintiff's second objection is also without merit.

### C. New Factual Allegations

Next, Plaintiff objects to a footnote in the PF&R stating that the magistrate judge "notes" that several new allegations made by Plaintiff in his response to Defendants' motion to dismiss "fall outside the two-year statute of limitations applicable to section 1983 claims in West Virginia."   (ECF 88 at 4; *see* ECF 86 at 12 n.4.)

Plaintiff filed his original Complaint on May 5, 2013.   (ECF 2).   Seven months later, on December 6, 2013, the magistrate judge granted Plaintiff's motion to file an Amended Complaint in order to allege new facts.   (ECF 11.)   Five months later, on May 14, 2014, Plaintiff filed a motion to amend his Amended Complaint to "include the facts and matters stated and raised in his Plaintiff's Response to Defendants' Motion to Dismiss."   (ECF 41 at 1.)   The magistrate judge denied this motion, observing that Plaintiff's response was "not in a proper format to be considered as an Amended Complaint" as well as that "many of the new factual allegations addressed by the plaintiff in his Response concern conduct that occurred in 2008 and 2009, which would likely be barred by the applicable statute of limitations."    (ECF 51 at 4.) Nevertheless, the magistrate judge stated that "the court will address the matters raised in the plaintiff's Response in its consideration of the defendants' Motion to Dismiss."   (*Id.*)   Plaintiff has alleged new facts not only throughout his motions and responsive pleadings, but also in half a dozen filings asserting new evidence that Plaintiff believes the Court should consider.

The PF&R footnote to which Plaintiff objects plainly clarifies that, to the extent that Plaintiff might wish to bring additional claims based on facts not alleged in Plaintiff's Amended Complaint, they would be time-barred.   To the extent that Plaintiff's objection may be read as arguing that Plaintiff should be allowed to bring additional claims, Plaintiff's objection is moot,

as Plaintiff's earlier motion to amend his Amended Complaint was properly denied by the magistrate judge.

To the extent that Plaintiff argues that the new factual allegations should have been considered in evaluating the sufficiency of his Amended Complaint on the pending motion to dismiss, the Court points out that the magistrate judge was not required to do so.[3]  Although "the allegations of the *pro se* complaint [are held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), to survive a motion to dismiss the *complaint itself* must still "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).

Thus, Plaintiff's third objection is without merit.

### D. Failure to State a Claim as to the Individual Defendants

Plaintiff objects to the PF&R's conclusion that the Amended Complaint fails to state a claim against Defendants Rubenstein, Ballard, and McCloud.   (ECF 88 at 5–6.)

As against these individual defendants, Plaintiff seeks monetary damages for alleged violations of the Eighth Amendment to the U.S. Constitution and Article III, § 5 of the West Virginia Constitution.

As noted above, there is no cause of action for monetary damages under Article III, §5 of the West Virginia Constitution.   Therefore, to the extent that Plaintiff alleges a violation of the Article III, §5 of the West Virginia Constitution as a cause of action, he has failed to state a claim for which relief may be granted.

---

[3] It is nevertheless clear that, in addressing Defendants' motion to dismiss in the PF&R, the magistrate judge did take into account the facts asserted in Plaintiff's response to Defendants' motion to dismiss.

Plaintiff's Eighth Amendment claim may be brought by way of 42 U.S.C. § 1983.   "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."   *West v. Atkins*, 487 U.S. 42, 48 (1988). Supervisory liability may be imposed on defendants who did not directly engage in the allegedly unconstitutional conduct, if the following elements are established:   (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.   *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).   The Amended Complaint Plaintiff alleges that prison staff put urine and feces into his food.   However, it does not allege any personal involvement by the individual defendants in the alleged conduct, and it is devoid of facts to support any of the elements of supervisory liability.

Therefore, Plaintiff's fourth objection is without merit.

*E. Motions for Preliminary Injunctive Relief*

Finally, Plaintiff objects to the PF&R's conclusion that Plaintiff has not demonstrated the need for injunctive relief and to its recommendation that the Court deny his motions seeking that relief.   (ECF 88 at 8–9.)

Plaintiff has moved to be released from prison (ECF 21), to be provided with factory-sealed meals and drinks (ECF 56), and to be tested for illicit drugs (ECF 58).   Plaintiffs

10

motions allege that he is in danger of being poisoned by racist, white supremacist prison staff and inmates that wish to kill him by contaminating his meals, and that they have already contaminated his food and drink with urine, feces, cleaning chemicals, strychnine, pain killers, and illicit drugs. Plaintiff wishes to be tested for the presence of illegal drugs so that any test results showing the presence of illegal drugs in his body might furnish proof that foreign substances have in fact been placed into his food by his alleged enemies.

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). To obtain a preliminary injunction, a plaintiff must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009).

Here, Plaintiff's claims do not survive the motion to dismiss filed by all of the named defendants. There remain questions as to who the proper defendants, if any, might be in this case. The likelihood of Plaintiff obtaining relief as to not-yet-identified defendants is highly speculative. Therefore, at this time, Plaintiff has failed to show that he is likely to succeed on the merits of his case.[4]

---

[4] In addition, the Prisoner Litigation Reform Act restricts courts from entering prisoner release orders unless a "court has previously entered an order for less intrusive relief that has failed to remedy the deprivation" and the defendant has had "a reasonable amount of time" to comply with previous orders. 18 U.S.C. § 3626(a)(3)(A). A prisoner release order may only be entered by a three-judge court. 18 U.S.C. § 3626(a)(3)(B). The three-judge court may only enter a prisoner release if it finds by clear and convincing evidence that crowding is the primary cause of the violation and no other relief will remedy it. 18 U.S.C. § 3626(a)(3)(E). Plaintiff does not meet the requirements for a prison release order, because he has not obtained a previous order for relief of any kind. In addition, as Plaintiff concedes (ECF 88 at 9), his allegations do not concern crowding. Plaintiff has challenged the constitutionality of certain provisions of 18 U.S.C. § 3626 as applied to the facts of his case because, he alleges, they

Plaintiff also asserts in his objections that he has asked several MOCC employees to sign a declaration stating that Plaintiff

> is not in danger by MOCC staff or inmates due to the actions of MOCC staff and if he is physically injured or killed by MOCC staff or inmates by illegal means while housed in the MOCC Segregation Unit, I will, without contest, immediately relinquish all of my present and future personal possessions to [Plaintiff's] beneficiary, The NAACP, Legal Defense Fund, Inc., 40 Rector St. Fifth Floor, NY., N.Y. 10006–1738.   Furthermore, I understand that if I fail to sign and file a copy of this statement . . . within fourteen days . . . I will be admitting that [Plaintiff] is in fact in danger by MOCC staff and by inmates due to the actions of MOCC staff.

(ECF 88 at 10.)   Plaintiff argues that if any of the MOCC employees to which he addresses his request do not sign the statement, the Court should grant his motions for injunctive relief.   (*Id.* at 10–11.)   In a subsequently filed document, Plaintiff asserts that no one has signed the declaration that he drafted and that this constitutes "clear and convincing evidence showing that the plaintiff is in danger of being murdered by MOCC staff and inmates [and] is also sufficient evidence to succeed on the merits at trial."   (ECF 92 at 4.)   There is no legal requirement that these defendants or anyone else participate in the procedure Plaintiff proposes.   Therefore, Plaintiff's argument is frivolous.

Accordingly, Plaintiff's fifth objection is also without merit.

---

would prevent him from avoiding being abused again or killed.   (ECF 88 at 8; *see also* ECF 22 at 11–12 and ECF 23.)   However, not only has Plaintiff offered no other argument or authority to support his constitutional challenge, but it is moot, as he has also failed to show that he is likely to succeed on the merits of his case.

*V. CONCLUSION*

The Court **OVERRULES** Plaintiff's objections [ECF 88], **ADOPTS** the PF&R [ECF 86] to the extent that it is consistent with this Memorandum Opinion and Order, **GRANTS** the motion to dismiss filed by Defendants David Ballard, James McCloud, Jim Rubenstein, and WVDOC [ECF 33], and **DENIES** Plaintiff's motions for injunctive relief [ECF 21, 56, 58]. The Court leaves this matter referred to Magistrate Judge Tinsley for additional proceedings concerning the Plaintiff's remaining claims against the John Doe defendants.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        March 30, 2015

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE