## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON

**JOSEPH E. HOWARD,**

      **Plaintiff,**

**v.**                                    **Case No. 2:13-cv-11006**

**WEST VIRGINIA DIVISION OF CORRECTIONS, et al.,**

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are the following motions filed by the plaintiff: an Amended Motion for Injunction (ECF No. 87) and two Motions for Expedited Relief (ECF Nos. 89 and 91).[1]

On February 18, 2015, the plaintiff filed an Amended Motion for Injunction (ECF No. 87). At that time, the undersigned had already submitted a Proposed Findings and Recommendation ("PF&R") (ECF No. 86), recommending, *iner alia*, that three other motions for preliminary injunctive relief filed by the plaintiff (ECF Nos. 21, 56 and 58) be denied. The plaintiff subsequently filed objections to the PF&R (ECF No. 88).

In the Amended Motion for Injunction, the plaintiff contends that, since the filing of his Motion for Injunction (ECF No. 56) on June 12, 2014, in which he asked the court to order that he be provided factory sealed meals due to the alleged contamination of his

---

[1] Also pending before the court are the plaintiff's Motion to Set Aside, Alter or Amend Judgment and Motion for Extension of Time (ECF No. 96) and the plaintiff's Motion to Transfer Case or for Additional Relief (ECF No. 101), which will be addressed separately.

1

food and drink by then unidentified employees at the Mount Olive Correctional Complex ("MOCC"), he had been subjected to additional instances of alleged contamination of his food and drink with illicit drugs and poison.   (ECF No. 87 at 2).   The plaintiff's Amended Motion further asserts that he had asked to be tested for such drugs and poison, but his requests were denied by MOCC staff, and that such staff have threatened to make a deliberate attempt to ensure that the plaintiff loses his cases filed in this court.   (*Id.* at 2- 4).   Nowhere in the Amended Motion does the plaintiff specifically identify the staff members who are allegedly making these threats.   (*Id.*)   The Amended Motion for Injunction further speculates that other inmates may have written letters to the court employees or others and signed the plaintiff's name thereto.   (*Id.* at 3).

The plaintiff further continues his practice of sending documents to various persons and stating that the failure to sign such documents or comply with other requests by the plaintiff will be considered an admission of the conduct addressed in the documents or requests.   His Amended Motion for Injunction contains such language,[2] as do the two Motions for Expedited Relief, which will be addressed below.   The plaintiff has been cautioned on several occasions that such documentation has no legal effect or significance.   The undersigned proposes that the presiding District Judge **NOTIFY** the plaintiff that any additional use of this practice may result in sanctions.

---

2  In fact, the Amended Motion contains the following language:   "the plaintiff asks the Court to order the defendants to provide him with all factory sealed meals and drinks and notifies the Court that if the Court fails to enter an order in relation to same within ten days after the below signed notary forwards this document to the Court, the plaintiff will consider the Court's failure to do so an admission that the Court has been threatened and is afraid to help the plaintiff, in which case the plaintiff will petition the U.S. Court of Appeals for a Writ of Mandamus in relation to the same and ask that Court to grant him the relief he seeks herein."   (ECF No. 87 at 4).

On March 2, 2015, and then again on March 3, 2015, the plaintiff filed what appear to be identical versions of a Motion for Expedited Relief (ECF Nos. 89 and 91).   These motions contain the language discussed above concerning unexecuted documents from the plaintiff being deemed admissions (which they will not), and then requests that the court grant the petitioner's prior requests for injunctive relief and all of the relief sought in this civil action.   (ECF Nos. 89 and 91 at 5).

On March 3, 2015, the defendants named in the plaintiff's Amended Complaint filed a Response in Opposition to the plaintiff's Amended Motion for Injunction (ECF No. 90), which asserted that the plaintiff has not made a clear showing that he is likely to succeed on the merits of his claims, and that the possibility of harm is not enough to warrant preliminary injunctive relief.   Moreover, the defendants assert that the plaintiff has not demonstrated any credible evidence that he has sustained physical injuries as a result of this alleged contamination of his food and drink.   (*Id.*)

On March 13, 2015, the plaintiff filed a Reply (ECF No. 92), which largely reiterates the procedural history and his allegations that he is in danger of being murdered.   Again, the plaintiff relies upon his "deemed admissions" based upon the failure of potential defendants or others to sign documents admitting or denying that such conduct had occurred.   The plaintiff further alleges that he cannot demonstrate any evidence of his alleged poisoning because the prison staff will not test him for such evidence.   (*Id.*)

On March 31, 2015, the presiding District Judge, the Honorable Thomas E. Johnston, entered a Memorandum Opinion and Order overruling the plaintiff's objections to the undersigned's PF&R, adopting the PF&R to the extent that it is consistent with the presiding District Judge's Memorandum Opinion and Order, granting

3

a Motion to Dismiss filed by then-named defendants David Ballard, James McCloud, Jim Rubenstein, and the West Virginia Division of Corrections, and denying the plaintiff's three motions for injunctive relief.   (ECF No. 94).   The Memorandum Opinion and Order did not address the Amended Motion for Injunction or the two Motions for Expedited Relief, despite the fact that they had been filed prior to that decision and seek similar relief.

Judge Johnston's Memorandum Opinion and Order made the following rulings concerning the plaintiff's requests for injunctive relief:

> Plaintiff has moved to be released from prison (ECF 21), to be provided factory-sealed meals and drinks (ECF 56), and to be tested for illicit drugs (ECF 58).   Plaintiff's motions allege that he is in danger of being poisoned by racist, white supremacist prison staff and inmates that wish to kill him by contaminating his meals, and that they have already contaminated his food and drink with urine, feces, cleaning chemicals, strychnine, pain killers and illicit drugs.   Plaintiff wishes to be tested for the presence of illegal drugs so that any test results showing the presence of illegal drugs in his body might furnish proof that foreign substances have in fact been placed into his food by his alleged enemies.

> "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. V. Camenisch*, 451 U.S. 390, 395 (1981).   To obtain a preliminary injunction, a plaintiff must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.   *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345 (4th Cir. 2009).

> Here, Plaintiff's claims do not survive the motion to dismiss filed by all of the named defendants.   There remain questions as to who the proper defendants, if any, might be in this case.   The likelihood of Plaintiff obtaining relief as to not-yet-identified defendants is highly speculative. Therefore, at this time, Plaintiff has failed to show that he is likely to succeed on the merits of his case.   [Footnote omitted].

(ECF No. 94 at 10-11).

Since the time that Judge Johnston issued his Memorandum Opinion and Order, the plaintiff has filed a Second Amended Complaint (ECF No. 98),[3] which alleges that, between May of 2012 and early September 2012, MOCC staff members Daniel Hahn, David Miller, Corey DiMallo, Aaron Sargent, and Lyle Lesher allowed unidentified inmates to put urine, feces, and toilet bowl cleaner into the plaintiff's food and drink on at least 13 occasions.   (ECF No. 98 at ¶¶ 2-3).

The Second Amended Complaint also contains allegations that MOCC staff members, Captain James McCloud, Investigator II Curtis Dixon, MOCC Warden David Ballard, and West Virginia Division of Corrections Commissioner Jim Rubenstein have made comments to or in the presence of the other staff members named in the Second Amended Complaint stating "Fu*k that old mothefu*ker," when referring to the plaintiff having made complaints about his safety and being in danger from other inmates and staff, and that McCloud allegedly stated "Pod Five, Y'all can kill that old mother fu*ker in cell 16 for all we care."   (*Id.* at 2-3, ¶¶ 4-6, 9).

The Second Amended Complaint also names Nurse Kelly Foster as a defendant, and alleges that she has told other staff and inmates that the plaintiff is a child molester, when he is not.   (*Id.* at 3, ¶¶ 7-8).   The Second Amended Complaint further alleges that West Virginia State Police Officers M.A. Elswick, T.E. Tawes and Godfrey (first name unknown), of the Gauley Bridge Detachment, made statements to defendants McCloud and Miller "that gave them tacit authorization to abuse and mistreat the plaintiff."   (*Id.*, ¶ 10).   The plaintiff further alleges that, in early January 2013, Trooper M.A. Elswick

---

3  The undersigned will address service of process concerning the Second Amended Complaint in a separate Order.

confirmed that staff and inmates were putting foreign substances in the plaintiff's food and drink, as alleged in paragraph 2 of the Second Amended Complaint.   (*Id.* at 4, ¶ 12).

The plaintiff contends that he has suffered physical and emotional injury, and damage to his reputation as a result of the defendants' conduct.   His Second Amended Complaint seeks a jury trial and requests monetary damages.   However, it does not appear to contain any requests for injunctive relief.

The plaintiff's Motion for Amended Injunction and Motions for Expedited Relief were filed before the filing of the Second Amended Complaint and should be denied for the same reasons contained in Judge Johnston's Memorandum Opinion and Order entered on March 31, 2015.   (ECF No. 94).   Nevertheless, even in light of the allegations made in the plaintiff's Second Amended Complaint, the plaintiff has not presently demonstrated a right to preliminary injunctive relief under the *Winter* standard, as he has not demonstrated that he is likely to succeed on the merits of his claims. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to demonstrate a right to preliminary injunctive relief.

## RECOMMENDATIONS

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Amended Motion for Injunctive Relief (ECF No. 87) and **DENY** the plaintiff's Motions for Expedited Relief (ECF Nos. 89 and 91).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the

plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.   Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.   *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

August 18, 2015

Dwane L. Tinsley
United States Magistrate Judge