IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOSEPH EUGENE HOWARD,

          Plaintiff,

v.                                                   CIVIL ACTION NO.   2:13-cv-11006

DAVID BALLARD,

          Defendant.

**MEMORANDUM OPINION ORDER**

Pending before the Court are Plaintiff's amended motion for injunction (ECF 87) and two motions for expedited relief. (ECF 89 & 91.)

The original complaint was filed on May 7, 2013 and referred to United States Magistrate Judge Dwane L. Tinsley by Standing Order entered April 8, 2013. On February 10, 2015, Magistrate Judge Tinsley filed a proposed findings and recommendations for disposition ("PF&R"). (ECF 86.) Plaintiff timely filed objections to this PF&R. (ECF 88.) By Order entered March 31, 2015, this Court overruled those objections and adopted the PF&R, granting a motion to dismiss filed by then-named defendant David Ballard, James McCloud, Jim Rubenstein, and the West Virginia Division of Corrections, and denying the plaintiff's three motions for injunctive relief. (ECF 94.) The Order left the matter referred to Magistrate Judge Tinsley for additional proceedings concerning Plaintiff's remaining claims. (*Id*.)   On August 18, 2015, Magistrate Judge

1

Tinsley filed a PF&R with respect to the pending motions, recommending that this Court deny Plaintiff's amended motion for injunctive relief and two motions for expedited relief. (ECF 104.)

This Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Plaintiff timely filed objections, (ECF 105), to the August 18, 2015 PF&R on September 4, 2015.[1] As his basis for objection, Plaintiff states only that he objects "for the reasons already stated on record." (ECF 105.) Plaintiff does not make any specific objection or otherwise direct this Court's attention to specific errors in the PF&R. Because Plaintiff makes only "general and conclusory allegations that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations," *Orpiano*, 687 F.2d at 47, the Court need not conduct a de novo review of any part of the August 18, 2015 proposed findings and recommendations. Accordingly, the Court **ADOPTS** the PF&R, **DENIES** Plaintiff's amended motion for injunctive relief, (ECF 87), and **DENIES** Plaintiff's two motions for expedited relief, (ECF 89 & 91).

---

[1] The objections also include a request that this Court extends the Plaintiff's time for filing the objections document. Plaintiff's request appears to be based on a concern that the Court wouldn't receive the objections by the filing deadline of September 4, 2015. *See* ECF 105 (Plaintiff noting that he "did not receive the Court Proposed Findings and Recommendation until August 25, 2015 and because MOCC staff are not forwarding his legal mail promptly"). The Court received Plaintiff's objections before the filing deadline and accordingly finds no reason to extend the time for filing in this case.

Further, the Court calls attention to the plaintiff's practice of sending documents to various persons (including this Court) and stating that failure to sign such documents or comply with other requests will be considered an admission of the conduct addressed in the documents or requests. The plaintiff has been warned repeatedly that this practice has no legal significance. The Court now formally **NOTIFES** Plaintiff that any additional use of this practice may result in sanctions. The Court leaves this matter referred to Magistrate Judge Tinsley for additional proceedings concerning the Plaintiff's remaining claims.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 11, 2015

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE