IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

JOSEPH EUGENE HOWARD,

     Plaintiff,

v.                                  Case No. 2:13-cv-11006

WEST VIRGINIA DIVISION OF CORRECTIONS, et al.,

     Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court are Plaintiff's Motion to Set Aside, Alter or Amend Judgment, (ECF No. 96)[1], Plaintiff's Motion to Transfer, (ECF No. 101), and Plaintiff's Amended Motion to Set Aside, Alter or Amend Judgment, (ECF No. 108). For reasons appearing to the court, the reference of these specific motions to the Magistrate Judge is withdrawn, and for the reasons discussed herein, the Court **GRANTS** the plaintiff's Motion to Set Aside, Alter or Amend Judgment, (ECF No. 96), **DENIES** the plaintiff's Motion to Transfer, (ECF No. 101), and **DENIES** the plaintiff's Amended Motion to Set Aside Alter and Amend Judgment, (ECF No. 108).

## I. Background

Plaintiff is a prisoner in confinement at the Mount Olive Correctional Complex ("MOCC") in Mount Olive, West Virginia, who claims that prison staff and others have conspired to murder

---

[1] Plaintiff's Motion to Set Aside, Alter or Amend Judgment also contains a request for an extension of time in which to file that motion. As will be discussed below, however, Plaintiff's motion is timely under any relevant standard. Accordingly, his request for a time extension is **DENIED AS MOOT**.

him by placing foreign substances, such as urine and feces, into his food and drink.  The specific details underlying Plaintiff's claim continue to evolve, however, and the piecemeal manner in which he has pursued his claims and added defendants to this litigation is in large part responsible for the unusual procedural posture in which this matter now stands.  On May 7, 2013, Plaintiff filed his initial Complaint, (ECF No. 2), naming only David Ballard, the Warden of MOCC, as a defendant.  The initial Complaint alleged that Warden Ballard ignored Plaintiff's requests for stationary and mailing supplies to "enable him to litigate a claim asserting that prison staff were putting harmful substances into his food and drink."  (*Id*. at 2.)

On September 16, 2013, prior to service of process on Defendant Ballard, Plaintiff filed a "Motion for Expedited Relief and to be Allowed to Amend or Voluntarily Withdraw Civil Action No. 2:13-cv-11006."  (ECF No. 6.)  Plaintiff subsequently filed several other documents which combined issues concerning this civil action and another civil action pending in this Court (*Howard v. Harris*, Civil Action No. 2:13-cv-11004 (S.D. W. Va. Aug. 18, 2014)).  On December 5, 2013, following a video status conference with Plaintiff, United States Magistrate Judge Dwane L. Tinsley granted Plaintiff leave to file an Amended Complaint, which was docketed on December 12, 2013.  (ECF No. 12.)  The Amended Complaint named the following defendants: the West Virginia Division of Corrections ("WVDOC"), Commissioner Jim Rubenstein, Warden David Ballard, Captain of Security James McCloud, and John Doe Defendants.

As noted above, the Amended Complaint, (ECF No. 12), alleged that MOCC employees were involved in a conspiracy to murder him by placing harmful contaminants into his food and drink.  However, the Amended Complaint did not identify the specific MOCC employees who had allegedly engaged in such conduct.  Plaintiff further alleged that the West Virginia State Police ("WVSP") had conducted an investigation of his allegations and confirmed the same to be true,

but failed to disclose to Plaintiff the names of those who had engaged in such conduct.  (*Id.* at 1-2.)  Plaintiff's Amended Complaint and other documentation also attempted to identify a number of witnesses who could testify about their knowledge of such conduct.  (*Id.*)  Plaintiff's Amended Complaint further alleged that he "suspects" Defendants Rubenstein, Ballard and McCloud "have verified the allegations made by Plaintiff" and "may have" conspired with the WVSP officer who conducted the investigation to "cover up the atrocious and heinous acts."  (*Id.* at 3.)

On April 30, 2014, Defendants WVDOC, Rubenstein, Ballard and McCloud filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 33).  After the Motion to Dismiss was filed, Plaintiff filed another Motion to Amend, (ECF No. 41), and continued to file additional documentation in support of his allegations, including a document in which he attempted to name additional defendants, (ECF No. 76 ("Additional Defendants and Request for Admission").)  Plaintiff also filed separate motions in which he requested various forms of preliminary injunctive relief, including a "Motion for a Release Order" to release him from prison.  (ECF Nos. 21, 56 and 58.)

On February 10, 2015, Magistrate Judge Tinsley submitted a Proposed Findings and Recommendation ("PF&R"), recommending that the Defendants' Motion to Dismiss be granted and that Plaintiff's requests for preliminary injunctive relief be denied.  (ECF No. 86.)  However, on March 23, 2015 and prior to this Court's adoption of the PF&R, Magistrate Judge Tinsley entered an Order in which he construed Plaintiff's "Additional Defendants" document, (ECF No. 76), as a Motion for Leave to Amend Amended Complaint, granted the same, and instructed Plaintiff to file one integrated Second Amended Complaint by May 7, 2015.  (ECF No. 93.)

On March 31, 2015, this Court issued a Memorandum Opinion and Order (the "March 2015 Opinion") adopting Magistrate Judge Tinsley's PF&R, granting Defendants' Motion to

3

Dismiss, and dismissing the West Virginia Division of Corrections, Jim Rubenstein, David Ballard and James McCloud as defendants.  (ECF No. 94).  The March 2015 Opinion also denied Plaintiff's motions seeking preliminary injunctive relief, including his motion to be released from prison.  (*Id.*)

On April 9, 2015, Plaintiff filed the instant Motion to Set Aside, Alter and Amend Judgment, essentially requesting that the Court reconsider the March 2015 Opinion and "grant him the relief he seeks in this matter for the reasons already stated on record by the plaintiff and due to the fact that United States Magistrate Judge Dwayne [sic; Dwane] L. Tinsley granted his motion to file [a Second] Amended Complaint."  (ECF No. 96.)  Plaintiff's April 9, 2015 motion also requests an extension of time for filing because "MOCC staff are not mailing his legal documents as soon as they receive them."  (*Id.* at 2.)  Plaintiff further requests that the Court defer its decision on the Motion to Set Aside, Alter or Amend Judgment until after judgment has been entered on his Second Amended Complaint so that he can file one integrated appeal if he does not prevail on his Second Amended Complaint.[2]  (*Id.* at 2.)

On April 29, 2015, Plaintiff filed his Second Amended Complaint.  (ECF No. 98).  That document names several new defendants, including officers of the West Virginia State Police.  It also goes further, however, and adds new allegations against the defendants dismissed pursuant to the Court's March 2015 Opinion.  In particular, it alleges that Rubenstein and Ballard had stated "fu*k that old mother-fu*ker when referring to the plaintiff in relation to complaints that the plaintiff made . . . about his safety being in danger by inmates and staff," and that McCloud had made that same statement ("fu*k that old mother-fu*ker") when referring to Plaintiff generally.  (*Id*. at 2.)  The Second Amended Complaint further alleges that McCloud, in the presence of other

---

[2] Plaintiff appears to withdraw his request to defer ruling on the April 9, 2015 motion in a later "Notice to the Court," (ECF No. 111), stating "go ahead and enter all appropriate orders in the above referenced case."

inmates and in reference to the plaintiff, stated "ya'll can kill that old motherfu*ker in cell 16 for all we care." (*Id*. at 3.)   Finally, Plaintiff alleges that he made numerous written and oral complaints to all three defendants (Rubenstein, Ballard, and McCloud), "to no avail" about his safety. (*Id*. at 4.)

On September 28, 2015, Plaintiff filed an Amended Motion to Set Aside, Alter or Amend Judgment, (ECF No. 108), in which he requests that the Court reconsider its denial of his Motion for Prison Release, (ECF No. 21), as addressed in the March 2015 Opinion, because six identified Mount Olive Correctional Complex staff members would testify on his behalf concerning the following:

> (A) the plaintiff is mentally retarded ("slow"); (B) that the plaintiff is in danger by prison staff and by inmates due to the actions of prison staff; (C) that if the plaintiff remains in prison he will be injured or killed by prison staff or inmates; due to the actions of staff; (D) that transferring the plaintiff to another prison would increase the risk of the plaintiff being murdered; (E) that the plaintiff's situation cannot be fixed; (F) that providing the plaintiff with factory sealed meals and drinks will be a waste of the state's resources because packaging can be tampered with by hypodermic needles; and (G) that the matters raised in the plaintiff's Second Amended Complaint [are] true . . . .

(ECF No. 108 at 1.)   Plaintiff's Amended Motion repeats the argument made in his Motion for Prison Release and related documents that his case should be considered an exception to the requirements of 18 U.S.C. § 3626(a)(3) concerning the issuance of a prison release order by a three-judge panel, and asserts that "one judge can declare laws and statutes unconstitutional." (*Id*. at 2.)

## *II. Standard of Review*

Plaintiff's motions, styled as requests to "set aside, alter or amend judgment," do not cite any particular authority in support of the requested relief.   Defendants, on the other hand, have filed a response to the initial Motion to Set Aside, Alter or Amend Judgment, in which they address

Plaintiff's motion under both Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure and assert that Plaintiff has not articulated any reasons that would justify disturbing the Court's prior ruling.  (ECF No. 97.)

Rule 59(e) allows a court to alter or amend a judgment, while Rule 60(b) authorizes a court to provide relief from a final judgment, order or proceeding in certain enumerated circumstances. *See, e.g.*, *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010) ("The Federal Rules of Civil Procedure allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Rule 59(e), or a motion seeking relief from the judgment pursuant to Rule 60(b).").  However, both of these rules appear to be inapposite in the instant matter because it does not involve a "final judgment."  *See Catlin v. United States*, 324 U.S. 229, 233 (1945) (noting that an order is not final unless it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment"); *see also Moore v. Lightstorm Entm't*, No. CIV.A. RWT-11-3644, 2013 WL 4052813, at *3 (D. Md. Aug. 9, 2013) ("Orders are only susceptible to reconsideration under Rules 60(b) and 59(e) if they constitute 'final judgments.' . . . Judgments are generally only final where they adjudicate and resolve *all* claims as to the parties.").

The challenged March 2015 Opinion is instead an interlocutory order, addressed in Rule 54(b) of the Federal Rules of Civil Procedure.  That Rule states that in an action involving multiple parties or claims for relief, unless a court directs entry of final judgment and "expressly determines that there is no just reason for delay," any order or decision:

> that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time before the entry of a judgment adjudicating all of the claims and all of the parties' rights and liabilities*.

Fed. R. Civ. P. 54(b) (emphasis added). Here, the Court's March 2015 Opinion dismissed some, but not all, of the plaintiff's claims, and some, but not all, of the defendants. Further, it did not give any indication that it should be treated as a final judgment or that there was "no just reason for" delaying an appeal. Accordingly, the Court will address the plaintiff's motions to set aside, alter or amend as motions for reconsideration under Rule 54(b) of the Federal Rules of Civil Procedure, and shall hereinafter refer to the same as "Motions for Reconsideration."

As its terms indicate, Rule 54(b) governs reconsideration of interlocutory orders and opinions. *See Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1470 (4th Cir. 1991) (finding that the district court correctly considered a motion for reconsideration "of a prior interlocutory order" under Rule 54(b)); *TomTom, Inc. v. AOT Sys. GmbH*, 17 F. Supp. 3d 545, 546 (E. D. Va. 2014) (Rule 54(b) "governs reconsideration of interlocutory" orders); *see also Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-515 (4th Cir. 2003) (noting the difference between motions for reconsideration of final judgments, governed by Rules 59(e) and 60(b), and those that seek reconsideration of interlocutory orders, which are subject to a more lenient standard for revision under Rule 54(b)). As noted in these cases, the Court retains the power to amend interlocutory orders at any time before final judgment "to achieve complete justice." *Shrewsbury v. Cyprus Kanawha Corp.*, 183 F.R.D. 492, 493 (S.D. W. Va. 1998).

In the Fourth Circuit, "final orders . . . trigger heightened standards for reconsideration" under Federal Rules of Civil Procedure 59(e) and 60(b). *Am. Canoe Ass'n*, 326 F.3d at 514. Conversely, "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Id.* (citation omitted); *see also TomTom Inc.*, 17 F. Supp. 3d at 546 ("The Fourth Circuit has made clear that the standards governing reconsideration of final judgments are not determinative of a Rule 54(b) motion . . . ."

(citation omitted)).  However, while the Fourth Circuit has recognized this distinction, it has not announced a controlling standard of review for a motion for reconsideration under Rule 54(b). Accordingly, in the absence of any definitive standard, "this [D]istrict has been 'guided by the general principles of Rule 59(e) and 60(b)' in determining whether a Rule 54(b) motion should be granted." *W.W. McDonald Land Co. v. EQT Prod. Co,* 983 F. Supp. 2d 790, 819 (S.D. W. Va. 2014) (quoting *Shrewsbury*, 183 F.R.D. at 493); *cf S. Coal Corp. v. IEG Pty, Ltd.*, No. 2:14cv617, 2016 WL 393954, at *1 (E.D. Va. Jan. 29, 2016) (noting that "many courts in this circuit have appropriately considered th[e] factors" governing reconsideration of final judgments "in guiding the exercise of their discretion under Rule 54(b)" (citations omitted)).

> As noted by the district court in *Shrewsbury*:
>
> It is less clear under exactly what standards a court reviews a motion to amend raised under Rule 54(b).  A motion for reconsideration under Rule 54(b) is not subject to the strictures of a Rule 60(b) motion and our Court of Appeals has declined to "thoroughly express [its] views on the interplay of Rules 60, 59 and 54." [*Fayetteville Investors, supra*, 936 F.2d] at 1470, 1472.  Because the parties' filings examine the motion under Rule 59(e) standards, they also do not clarify the appropriate standard under Rule 54(b).  Following the instruction of *Fayetteville Investors*, the Court is guided by the general principles of Rules 59(e) and 60(b), but does not scrutinize Plaintiff's motion under those Rules' strictures.

183 F.R.D. at 493.

Although Rule 54(b) does not specify grounds for seeking reconsideration, the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  *Norfolk S. Ry. Co. v. Nat'l Union Fire Ins. of Pittsburgh*, 999 F. Supp. 2d 906, 919 (S.D. W. Va. 2014) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)); *see also EEOC v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997).  "In general, reconsideration of a judgment

8

after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403 (citation omitted).  However, the decision on a motion for reconsideration is ultimately left to the discretion of the district court.  *See Am. Canoe Ass'n,* 326 F.3d at 515; *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge.").

### III. Discussion

#### A.      Plaintiff's Request for Extension of Time

Before addressing the merits of Plaintiff's Motions for Reconsideration, the Court addresses his request, contained in the first motion for reconsideration, for an extension of time in which to file that motion.  The Court **DENIES AS MOOT** Plaintiff's request because Rule 54(b) contains no express deadline for filing such a motion and, as noted above, such motions may be resolved at any time prior to the entry of a final judgment.  Accordingly, Plaintiff's original motion for reconsideration, (ECF No. 96), is considered to have been "timely filed."[3]

#### B.      Plaintiff's Motion for Reconsideration of March 2015 Opinion (ECF No. 96)

As discussed above, on April 29, 2015, with leave of court, the plaintiff filed a Second Amended Complaint adding new defendants and restating his claims, supplemented with new factual allegations, against the prior defendants.  (ECF No. 98.)  Plaintiff's Motion for Reconsideration asserts that the Court should revisit its March 2015 Opinion granting Defendants' Motion to Dismiss for reasons previously asserted by Plaintiff and because he has been permitted to file the Second Amended Complaint.  (ECF No. 96 at 2.)  To the extent that Plaintiff is

---

[3]  Even if the motion were considered under Rules 59(e) or 60(b), it would still be considered to have been timely filed.  A motion to alter or amend a judgment under Rule 59(e) must be filed "no later than 28 days after the entry of the judgment," and a motion for relief from judgment, order or proceeding under Rule 60(b) must be filed "within a reasonable time" or "for reasons (1), (2) and (3) no more than a year after the entry of the judgment or order."  Fed. R. Civ. P. 60(c)(1).  The plaintiff's motion, received nine days after entry of the judgment he seeks to challenge, was filed within all of these time frames.

summarily relying upon arguments previously made, the Court finds the same to be an insufficient basis for granting the instant Motion for Reconsideration. *See Mt. Hawley Ins. Co. v. Felman Prod., Inc.*, No. 3:09-cv-00481, 2010 WL 1404107, at *2 (S.D. W. Va. Mar. 30, 2010) (noting that it is "improper to file a motion for reconsideration simply to 'ask the Court to rethink what the Court had already thought through—rightly or wrongly'" (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983))); *cf. Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (noting that Rule 59(e) "permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters'") (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995))).

However, the Court finds that reconsideration of the March 2015 Opinion is warranted in light of Plaintiff's filing of the Second Amended Complaint because the ruling granting Defendants' Motion to Dismiss was silent as to whether such dismissal was with prejudice.  It is generally recognized that a dismissal under Rule 12(b)(6) is a dismissal with prejudice, unless the district court specifically holds otherwise.  S*ee* Fed. R. Civ. P. 41(b); *see also Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F. 2d 970, 974 (4th Cir. 1985).  Nevertheless, it is within the sound discretion of the district court to determine whether such dismissal is with or without prejudice. *See, e.g.*, *Payne v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006).

In the instant case, the Court is mindful that Plaintiff is proceeding *pro se*, and that outright dismissal of *pro se* complaints is not favored where defects in the complaint may be curable through amendment.  *See McLean v. United States*, 566 F.3d 391, 400 (4th Cir. 2009); *Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013) ("Where no opportunity is given to amend the complaint, the dismissal should generally be without prejudice." (citations omitted)). In light of the new allegations made in the Second Amended Complaint, suggesting that Plaintiff

might be able to produce facts in support of his claims against the previously dismissed defendants, the Court is inclined to reconsider the rulings made in the March 2015 Opinion. The Court reconsiders that prior decision only insofar as to clarify that the dismissal of the claims and defendants addressed therein is a dismissal without prejudice which shall not prohibit Plaintiff's attempt to cure any defects with respect to such parties and claims through the filing of his Second Amended Complaint.

Accordingly, the Court **GRANTS** the plaintiff's Motion for Reconsideration, (ECF No. 96), and modifies the March 2015 Opinion, (ECF No. 94), to reflect that Defendants WVDOC, Rubenstein, Ballard and McCloud were dismissed without prejudice. By separate Order Magistrate Judge Tinsley has ordered service of the Second Amended Complaint upon the defendants named therein, and the propriety of the claims alleged in the Second Amended Complaint will be addressed in subsequent proceedings.

## C.     Plaintiff's Amended Motion for Reconsideration of March 2015 Opinion (ECF No. 108)

On September 28, 2015, Plaintiff filed an Amended Motion to Set Aside, Alter or Amend Judgment, (ECF No. 108), which is also construed as a Motion for Reconsideration of the Court's March 2015 Opinion under Rule 54(b). As noted above, this Amended Motion for Reconsideration exclusively addresses Plaintiff's request that the Court reconsider the denial of his Motion for Release Order.

Although the motion identifies six MOCC employees that Plaintiff contends would testify about potential safety risks Plaintiff faces in prison, to the extent that such evidence is considered to be "new," such evidence does not alter the Court's prior determination that Plaintiff has not met the criteria for preliminary injunctive relief and, in particular, the determination that Plaintiff does not meet the criteria for a prison release order under 18 U.S.C. § 3626(a)(3). As discussed in the

11

March 2015 Opinion, Plaintiff has not demonstrated that statute—allowing for a prisoner's release only upon the order of a three-judge panel, only where the prisoner's claim is based on harm suffered as the result of prison crowding, and only where a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the federal right at issue—to be unconstitutional.[4]  As was the case with his original motion for release, nothing in his more recent filings provides any basis upon which to declare any provision in 18 U.S.C. §3626 unconstitutional, and so there is no reason for the Court to revisit its earlier conclusion on that issue.  The same is true with respect to the rest of Plaintiff's Amended Motion, which merely reiterates arguments that the Court previously rejected in its March 2015 Opinion.

Accordingly, the Court **DENIES** Plaintiff's Amended Motion for Reconsideration of the Court's March 2015 Opinion.  (ECF No. 108.)

## D.    The plaintiff's Motion to Transfer Case or for Additional Relief (ECF No. 101)

On June 17, 2015, Plaintiff filed a "Motion to Transfer," in which he requests that this Court transfer the instant matter to the Circuit Court of Pocahontas County.  (ECF No. 101.)  The Motion to Transfer states:

> [After filing his Second Amended Complaint], on or about May 15, 2015, an MOCC employee made the following statement in the plaintiff's presence:  "The District Court ain't even gonna require Yianne to file a response to Joe's Second Amended Complaint.  Judge Johnston said he's gonna dismiss it because he believes it's a bunch of made up stuff."

---

[4] Even if this Court were to grant Plaintiff's request and declare unconstitutional the provisions of § 3626 that restrict this Court from granting a release order on these facts, release from prison would still not be an appropriate remedy in this § 1983 action.  Supreme Court precedent makes clear that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Lee v. Winston*, 717 F.2d 888, 892 (4th Cir. 1983) (noting that § 1983 "cannot be used to seek release from illegal physical confinement"); *Yagman v. Johns*, No. 5:08-HC-2103-D, 2009 WL 6669325, at *3 (E.D.N.C. Feb. 12, 2009) ("Release from confinement is not a remedy available for an Eighth Amendment deliberate-indifference claim." (citing *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005))) *aff'd*, 328 F. App'x 280 (4th Cir. 2009).

(ECF No. 101 at 2.)  Plaintiff further contends that "there's a conflict of interest in the Fayette County Circuit Court." (*Id.*)

Plaintiff further asserts that, in his PF&R, (ECF No. 86), Magistrate Judge Tinsley suggested that the plaintiff pursue his case in state court.  Plaintiff's interpretation of the PF&R is inaccurate.  In discussing the plaintiff's state constitutional claims and his request for damages from the WVDOC under and up to the limits of its insurance policy, the PF&R merely stated that the plaintiff was prohibited from pursuing such relief in federal court, but he "might not be prohibited from pursuing such an argument in a state court." (*Id.* at 8 n.2.)  It never suggested that the plaintiff *should* pursue this matter in state court or encouraged the plaintiff to do so.

On July 1, 2015, Defendants filed a Response to Plaintiff's Motion to Transfer, (ECF No. 102), contending that Plaintiff has failed to establish a basis to have the matter transferred to the Circuit Court of Pocahontas County.  The Response further states:

> Indeed, in his Second Amended Complaint, [Plaintiff] is suing the new Defendants in their individual capacity pursuant to 42 U.S.C. § 1983.  One of the categories of cases over which the District Courts have original jurisdiction involve a "federal question," those cases "founded on a claim arising under the constitution, treaties, or laws of the United States."  28 U.S.C. § 1331.
>
> The Plaintiff's cause of action against the new Defendants is federal in character because it alleges that the new Defendants violated his federal constitutional rights.  His Second Amended Complaint seeks specifically to vindicate rights secured by the United States Constitution.  This Court has held that, "[w]hen a plaintiff specifically and intentionally raises a federal question on the face of the complaint, the action is removable regardless of the vagueness of the allegations." *Scott v. Greiner*, 858 F. Supp. 607 (S.D. W. Va. 1994).

(ECF No. 102 at 2-3.)  Defendants' Response further states that Defendants do not consent to a transfer of this case to the Circuit Court of Pocahontas County. (*Id.* at 3.)

This federal court has no jurisdictional basis upon which to transfer the instant matter to a state circuit court.[5]   Moreover, there is absolutely no nexus to the Circuit Court of Pocahontas County that would justify this civil action being pursued in that venue.

Plaintiff's Motion to Transfer further suggests that this Court may not be "genuinely interested in giving the plaintiff a fair chance," and that the Court may believe that "parts of the Second Amended Complaint are fabricated."  (ECF No. 101 at 1.)  To the extent that Plaintiff's statements could be construed to be a motion to disqualify this Court, such a motion is governed by 28 U.S.C. § 455.  Specifically, Plaintiff's motion appears to implicate subsections (a) and (b)(1) of that statute.  Title 28, United States Code, Section 455(a) provides, in pertinent part, that a district judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  Subsection (b) also mandates disqualification where a district judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).

The standard for determining disqualification is "whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances." *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998); *Aiken County v. BSP Division of Envirotech Corp.*, 866 F.2d 661, 679 (4th Cir. 1989).  This is an objective standard and recusal under section 455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence." *Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000) (quoting *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996)) (concluding that a reasonable person would not be convinced of bias based on judicial rulings alone).  "The nature of the judge's bias must be personal and not judicial." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987) (citing *Shaw v. Martin*,

---

[5]  As previously noted, however, the plaintiff could choose to dismiss this case and pursue his state law claims against the state agencies and the individual defendants, as allowed by state law, in the appropriate circuit court.

733 F.2d 304, 308 (4th Cir. 1984)).  Plaintiff bears the burden of proving facts which justify recusal.  *DeNardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992).

In accordance with the provisions of 28 U.S.C. §§ 455(a) and (b)(1), the Court denies having any personal bias or prejudice concerning Plaintiff, and firmly believes that its impartiality cannot reasonably be questioned in this case.

Plaintiff's Motion to Transfer, (ECF No. 101), and Amended Memorandum of Law in support thereof, (ECF No. 103), also requested a one-year stay of this matter to permit Plaintiff to seek counsel and to pursue a settlement with the State's insurance carrier.  However, in a subsequent Notice to the Court, (ECF No. 111), Plaintiff indicates that his efforts to find counsel and to negotiate a settlement with Defendants have been fruitless, and he requests that the Court "go ahead and enter all appropriate orders in the above referenced case."   (*Id.*)

For all of these reasons, the Court **DENIES** Plaintiff's Motion for Transfer, (ECF No. 101).

### IV. Conclusion

For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion to Set Aside, Alter or Amend Judgment, (ECF No. 96), except to the extent it requests an extension of time.  The request for time contained in that motion is **DENIED AS MOOT**.  The Court further **DENIES** Plaintiff's Motion to Transfer, (ECF No. 101), and **DENIES** Plaintiff's Amended Motion to Set Aside Alter and Amend Judgment, (ECF No. 108).

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:        March 22, 2016

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE