## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

**JOSEPH EUGENE HOWARD,**

   **Plaintiff,**

**v.**            **Case No. 2:13-cv-11006**

**WEST VIRGINIA DIVISION OF CORRECTIONS,**
**MOCC STAFF MEMBER DANIEL HAHN,**
**MOCC STAFF MEMBER DAVID MILLER,**
**MOCC STAFF MEMBER CORY DIMALLO,**
**MOCC STAFF MEMBER AARON SARGENT,**
**MOCC STAFF MEMBER LYLE LESHER,**
**MOCC STAFF MEMBER JAMES MCCLOUD,**
**MOCC WARDEN DAVID BALLARD,**
**WVDOC COMMISSIONER JIM RUBENSTEIN,**
**MOCC NURSE KELLY FOSTER,**
**MOCC INVESTIGATOR II CURTIS DIXON,**
**WVSP OFFICER M.A. ELSWICK,**
**WVSP OFFICER T.E. TAWES,**
**WVSP OFFICER GODFREY (FIRST NAME UNKNOWN), and**
**WEST VIRGINIA STATE POLICE,**

   **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

  This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).   The matter is proceeding on the plaintiff's Second Amended Complaint (ECF No. 98).

### PLAINTIFF'S ALLEGATIONS AND FACTUAL BACKGROUND

  The plaintiff is a prisoner confined at the Mount Olive Correctional Complex ("MOCC"), in Mount Olive, West Virginia, who claims that prison staff and others,

including officers of the West Virginia State Police ("WVSP"), have conspired to murder him by placing foreign substances, such as urine and feces, into his food and drink.   In addition to allegations made concerning the conduct of the individual defendants in their personal capacities, paragraph 16 of the Second Amended Complaint states as follows:

> The plaintiff is suing the WVSP, Gauley Bridge Detachment, and the WVDOC, pursuant to W.V. Code 29-12-5 and W.V. state common law* for the maximum amount of monetary compensation allowable by law and the state's insurance coverage for each time he ingested the contaminants mentioned in paragraphs (2) and (3) above and for each time he suffered personal injury to his reputation due to the reasons stated in paragraphs (2), (3) and (7) above.
>
> [*common tort law]

(Second Am. Compl., ECF No. 98, at 3-4, ¶ 16).   There are no other allegations or requests for relief concerning these state agencies.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.   On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or <u>seeks monetary relief from a defendant who is immune from such relief</u>.

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true, and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."   While the complaint need not assert

2

"detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."   *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case.   The Court wrote:

> Two working principles underlie our decision in *Twombly*.   First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.   Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted).   Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.   *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.   When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79.   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct."   *Id.* at 678.

Furthermore, as noted recently in *Haley v. Virginia Dep't of Health*, 4:12-cv-0016, 2012 WL 5494306, at *2 n.2 (W.D. Va. Nov. 13, 2012), "[t]he Fourth Circuit has not resolved whether a motion to dismiss based on the Eleventh Amendment is properly considered pursuant to Rule 12(b)(1) or Rule 12(b)(6) . . . The recent trend, however, appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1) [which

provides for the dismissal of claims over which the court lacks subject matter jurisdiction]."

## ANALYSIS

The plaintiff's claims against the West Virginia Division of Corrections ("WVDOC") and the West Virginia State Police ("WVSP") cannot survive because, as state agencies, they are not "persons" under section 1983.   In *Will v. Michigan Dept. of State Police*, the Supreme Court stated "We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983." 491 U.S. 58, 71 (1989).

Moreover, even to the extent that the paragraph 16 of the Second Amended Complaint indicates that the plaintiff is suing the WVDOC and the WVSP pursuant to state statutory and common tort law, these state agencies are immune from suit for monetary damages pursuant to the Eleventh Amendment to the United States Constitution.   The power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state.   *Hans v. Louisiana*, 134 U.S. 1, 9 (1980).   Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury.   *Quern v. Jordan*, 440 U.S. 332, 337 (1979).   Absent consent or some other waiver of such sovereign immunity, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment.   *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99-100 (1984).

Paragraph 16 of the Second Amended Complaint clearly indicates that the plaintiff seeks only monetary relief from the WVDOC and the WVSP, agencies of the State of West Virginia.   The State of West Virginia has not consented to suit, nor has the State's sovereign immunity with respect to suit in federal court otherwise been waived under 42 U.S.C. § 1983 or any other legal authority upon which the plaintiff seeks to proceed in this civil action.   Thus, the undersigned proposes that the presiding District Judge **FIND** that those defendants are immune from liability for any monetary damages under the Eleventh Amendment and, accordingly, such claims and those defendants must be dismissed.

## RECOMMENDATION

Based upon the proposed findings contained herein, pursuant to 28 U.S.C. § 1915A, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the West Virginia Division of Corrections and the West Virginia State Police as defendants, and **DISMISS** the request for monetary damages against these defendants as addressed in paragraph 16 of the Second Amended Complaint.   It is further respectfully **RECOMMENDED** that the presiding District Judge leave this matter referred to the undersigned Magistrate Judge for additional proceedings concerning the plaintiff's remaining claims against the individual defendants in their personal capacities.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the

date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.   *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be provided to the opposing parties and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

March 25, 2016

Dwane L. Tinsley
United States Magistrate Judge