IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

JOSEPH HOWARD,

    Plaintiff,

v.                                     Case No. 2:13-cv-11006

MOCC STAFF MEMBER DANIEL HAHN, et al.,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is defendant Kelly Foster's unopposed Motion to Dismiss Second Amended Complaint (ECF No. 133).

## PROCEDURAL HISTORY

The plaintiff is a prisoner confined at the Mount Olive Correctional Complex ("MOCC"), in Mount Olive, West Virginia, who claims that prison staff and others, including officers of the West Virginia State Police ("WVSP"), have conspired to murder him by placing foreign substances, such as urine and feces, into his food and drink. The plaintiff's initial Complaint was filed on May 7, 2013 (ECF No. 2). This matter is presently proceeding on the plaintiff's Second Amended Complaint (ECF No. 98).

In the Second Amended Complaint, the plaintiff alleges, for the first time in these proceedings, that between May 2012 and September 2012, defendant Kelly Foster

("Foster"), a registered nurse employed at MOCC, told staff and inmates at MOCC, including defendants McCloud, Hahn, Miller, DiMallo, Sargent and Lesher, that the plaintiff was a child molester, when he is not a sex offender. (ECF No. 98 at 3). As a result of this alleged conduct, the plaintiff further alleges that he has suffered damage to his reputation. The plaintiff further alleges that Foster was deliberately indifferent to his safety and failed to provide him with humane conditions of confinement in violation of the Eighth Amendment of the United States Constitution and Article III, section V of the West Virginia Constitution.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint or pleading. In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court further explained its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff

2

> armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * * In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79.

## ANALYSIS

### A. The plaintiff's claims against Foster are time-barred.

Foster's Motion to Dismiss asserts that the claims against her are time-barred. The plaintiff's claim that he suffered damage to his reputation due to Foster telling others false information about him is most analogous to a claim of defamation or slander. A state-law defamation claim has a one-year statute of limitations, which begins to run when the fact of the alleged defamation becomes known to, or reasonably should have become known to, the plaintiff. *See Padon v. Sears, Roebuck & Co.*, 411 S.E.2d 245, 246 (W. Va. 1991); *see also Coleman v. Housing Auth. of City of Weirton*, No. 5:12CV151, 2014 WL 320179, *5 (N.D. W. Va., Jan. 29, 2014).

To the extent that the claim against Foster could also be construed to be brought under section 1983 (due to the plaintiff's allegation that Foster was deliberately indifferent to his safety), it is well established that civil rights cases filed in federal court follow the analogous state limitation. *Blanck v. McKeen*, 707 F.2d 817 (4th Cir. 1983). West Virginia has a two-year statute of limitations for cases similar to § 1983 cases and other personal injuries. W. Va. Code § 55-2-12(b) (1981); *see McCausland v. Mason County Bd. of Educ.*, 649 F.2d 278 (4th Cir. 1981); *Rodgers v. Corporation of Harpers Ferry*, 371 S.E.2d 358 (W. Va. 1988). "[T]he accrual date of a § 1983 cause of action is a

3

question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) [Emphasis in the original].  Generally speaking, accrual occurs "when the plaintiff has a complete and present cause of action." Id. [Citations omitted.]

Defendant Foster's Memorandum of Law in support of her Motion to Dismiss asserts that both the plaintiff's defamation claim and any claim under section 1983 against defendant Foster are time-barred.  The Memorandum states:

> Regardless of whether Plaintiff's claims have a two year or a one year statute of limitations, they are equally barred.  Plaintiff's Second Amended Complaint places the relevant time period for his alleged injuries as ending in September 2012.  Although the Plaintiff filed his original Complaint within one year of the ending of the relevant time period, this Defendant was not named [until] Plaintiff's Second Amended Complaint was filed on April 29, 2015; three years after the ending of the relevant time period.

(ECF No. 134 at 4).  Defendant Foster further argues that the claims against her do not relate back to the claims contained in the initial Complaint, so as to be rendered timely under Rule 15(c) of the Federal Rules of Civil Procedure.  The Memorandum further addresses this argument as follows:

> The Fourth Circuit has had occasion to discuss the relation back of amendments under Rule 15(c)(1)(C).  For the notice requirement under Rule 15(c)(1)(C)(i), "the potential party to be added must receive within the limitations period 'not only notice of the institution of an action but also notice of the possibility that the putative new defendant may be a defendant in that action.'" *Davis v. Bayer AG*, 2012 U.S. Dist. LEXIS 74540, *3-4 (S.D. W. Va. May 30, 2012) (quoting *W. Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989).  For the knowledge requirement under Rule 15(c)(1)(C)(ii), "an amendment may 'relate back only where there has been an error made concerning the identity of the proper party . . . but it does not permit relation back where . . . there is a lack of knowledge of the proper party.'" *Davis* at *4 (quoting *Bechtel Corp.* at 1201).
>
> Here, Plaintiff's Second Amended Complaint fails under both the notice and knowledge requirements.  In regards to the notice requirement, this Defendant was not on notice of the institution of this action until she was served with Plaintiff's Second Amended Complaint on April 4, 2016; over 19 months after the two year statute of limitations ran on Plaintiff's claims arising from actions [or] allegations ending in September 2012.

question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) [Emphasis in the original].  Generally speaking, accrual occurs "when the plaintiff has a complete and present cause of action." Id. [Citations omitted.]

Defendant Foster's Memorandum of Law in support of her Motion to Dismiss asserts that both the plaintiff's defamation claim and any claim under section 1983 against defendant Foster are time-barred.  The Memorandum states:

> Regardless of whether Plaintiff's claims have a two year or a one year statute of limitations, they are equally barred.  Plaintiff's Second Amended Complaint places the relevant time period for his alleged injuries as ending in September 2012.  Although the Plaintiff filed his original Complaint within one year of the ending of the relevant time period, this Defendant was not named [until] Plaintiff's Second Amended Complaint was filed on April 29, 2015; three years after the ending of the relevant time period.

(ECF No. 134 at 4).  Defendant Foster further argues that the claims against her do not relate back to the claims contained in the initial Complaint, so as to be rendered timely under Rule 15(c) of the Federal Rules of Civil Procedure.  The Memorandum further addresses this argument as follows:

> The Fourth Circuit has had occasion to discuss the relation back of amendments under Rule 15(c)(1)(C).  For the notice requirement under Rule 15(c)(1)(C)(i), "the potential party to be added must receive within the limitations period 'not only notice of the institution of an action but also notice of the possibility that the putative new defendant may be a defendant in that action.'" *Davis v. Bayer AG*, 2012 U.S. Dist. LEXIS 74540, *3-4 (S.D. W. Va. May 30, 2012) (quoting *W. Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989).  For the knowledge requirement under Rule 15(c)(1)(C)(ii), "an amendment may 'relate back only where there has been an error made concerning the identity of the proper party . . . but it does not permit relation back where . . . there is a lack of knowledge of the proper party.'" *Davis* at *4 (quoting *Bechtel Corp.* at 1201).
>
> Here, Plaintiff's Second Amended Complaint fails under both the notice and knowledge requirements.  In regards to the notice requirement, this Defendant was not on notice of the institution of this action until she was served with Plaintiff's Second Amended Complaint on April 4, 2016; over 19 months after the two year statute of limitations ran on Plaintiff's claims arising from actions [or] allegations ending in September 2012.

> Even if this Defendant was on notice that this action had been instituted when Plaintiff filed his Complaint on May 7, 2013, she would not have been on notice that she may be a party to that action. No defamation-type claims regarding injury to Plaintiff's reputation due to being referred to as a child molester were alleged in either the original Complaint or the First Amended Complaint. Plaintiff's first two complaints were completely devoid of any causes of action, allegations, statements, or otherwise to suggest liability on the part of this Defendant.
>
> As for the knowledge requirement, Plaintiff did not make an error in identifying the proper party. While Plaintiff's First Amended Complaint names various John Doe Defendants, neither the original Complaint nor the First Amended Complaint make any allegations regarding being called a child molester, so therefore, he could not have named the wrong defendant for purposes of this claim. Plaintiff's [First] Amended Complaint is completely devoid of any factual allegations against this Defendant, or which in any way relate to the current allegations against this Defendant.

(*Id.* at 5-6). For these reasons, Foster asserts that claims against her in the plaintiff's Second Amended Complaint should be dismissed with prejudice as being time-barred.

The plaintiff did not file a response to Foster's Motion to Dismiss. Thus, the motion is unopposed. The undersigned agrees that both the plaintiff's alleged defamation claim, which is subject to a one-year statute of limitations, and any alleged Eighth Amendment claim that the plaintiff might be raising, which would be subject to a two-year statute of limitations. The claims against Foster were raised for the first time in the Second Amended Complaint, which the plaintiff filed on April 29, 2015, almost three years after the time period in which the conduct alleged by the plaintiff took place and when the causes of action against Foster could have arose. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's claims against Foster are time-barred and should be dismissed with prejudice.

5

### B. The plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted against Foster.

Additionally, Foster asserts that the allegations against her are conclusory and amount to nothing more than a formulaic recitation of the elements of the claims against her. (*Id.* at 6-7). She further asserts that such allegations are insufficient to state a plausible Eighth Amendment or defamation claim against her. Thus, she asserts that the Second Amended Complaint fails to state a claim upon which relief can be granted against her and should be dismissed pursuant to *Iqbal* and *Twombly*, *supra*. (*Id.* at 6-8).

With regard to the alleged violation of the plaintiff's Eighth Amendment rights, Foster asserts:

> Plaintiff alleges that this Defendant violated his Eighth Amendment right by being deliberately indifferent to his safety. Such a claim sounds in common law tort, specifically defamation, rather than a constitutional violation. In order to state a claim under the Eighth Amendment, the Plaintiff must show deliberate indifference on the part of prison officials to a specific known risk of harm. *Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987). Prison officials, however, cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The negligent failure to protect inmates from violence will not suffice. *Pressly*, 816 F.2d at 979.
>
> Here, Plaintiff has only alleged reputational injury. Not only has there not been any claims of a negligent failure on the part of this Defendant to protect Plaintiff from violence, but also Plaintiff has not alleged that any violence has or may result from the allegations against this Defendant.

(*Id.* at 7-8).

Foster further notes that the plaintiff has not alleged that, as a medical provider, she has denied him any medical care or treatment. (*Id.* at 8). Thus, she asserts that the plaintiff's claim against her is grounded solely in alleged defamation. Her Memorandum of Law further states:

6

> "[D]efamation, by itself, is a tort actionable under the laws of most states, but is not a constitutional deprivation. *Siegert v. Gilley*, 500 U.S. 226, 233 (1991); *see also Miller v. Jack*, 2007 U.S. Dist. LEXIS 50685, 2007 WL 2050409 (N.D. W. Va., Jul. 12, 2007) (finding that "damages for defamation are not recoverable under § 1983 because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Constitution or the laws of the United States"). Because Plaintiff's only allegations against this Defendant are based on defamation, Plaintiff has failed to state a claim pursuant to 42 U.S.C. § 1983 and the same should be dismissed with prejudice.

(*Id.*)

Foster further asserts that the court lacks supplemental jurisdiction to consider the defamation claim because it does not form part of the same case or controversy as the federal claims against the other defendants, as required under Article III of the United States Constitution and 28 U.S.C. § 1367(a). (*Id.* at 8-9). She also asserts that the plaintiff is not entitled to any relief under Article III, § 5 of the West Virginia Constitution because the only viable private cause of action that emanates from the state constitution is a due process claim against state government or its entities, and this is not such a case. She further asserts that, "the Supreme Court of Appeals of West Virginia has not recognized any other private right of action stemming solely from a violation of any other Article and/or Section of the West Virginia Constitution." (*Id.* at 9).

Finally, Foster asserts that, even taking the plaintiff's allegations as true, he cannot establish the essential elements of a defamation claim. To prove defamation, the plaintiff must establish six (6) essential elements: "(1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury." *Belcher v. Wal-Mart Stores, Inc.*, 568 S.E.2d 19, 26 (W. Va. 2002), *citing Crump v. Beckley Newspapers, Inc.*, 320 S.E.2d 70, 77 (W. Va. 1983). Foster's Memorandum states:

7

> Taking the allegations against this Defendant in a light most favorable to the Plaintiff, assuming this Defendant did publish a false statement that Plaintiff is a child molester, which this Defendant does not admit, Plaintiff has still not alleged that he was actually harmed by the statement. Rather, Plaintiff's Second Amended Complaint merely contains the conclusory statement that he suffered harm to his reputation without more.

(*Id.* at 10).

Again, Foster's arguments are unopposed by the plaintiff. Moreover, even taking the plaintiff's allegations in the Second Amended Complaint as true and construing them liberally, the undersigned proposes that the presiding District Judge **FIND** that they fail to state a plausible claim of defamation or deliberate indifference to the plaintiff's safety, as governed by the Eighth Amendment, with regard to Foster. The plaintiff alleges that Foster made a false statement by calling him a child molester and that her statement "damaged his reputation." However, he has not alleged specific facts, or anything beyond conclusory statements, to support a finding of actual injury resulting from such alleged statement that could support a defamation claim. Likewise, any Eighth Amendment claim arising out of Foster's conduct also fails because he has not alleged facts to support a finding that Foster's statement caused actual harm that proximately resulted therefrom.

Even if the plaintiff's allegations are liberally construed to be asserting that Foster's alleged statement led other staff and inmates to place foreign substances in his food and drink, because both his defamation claim and his section 1983 claim would be barred by the applicable statutes of limitations, the undersigned believes that neither claim may proceed against Foster.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** defendant Kelly Foster's Motion to Dismiss (ECF No. 133) and **DISMISS** Kelly Foster as a defendant, with prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties (or their counsel where applicable) and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

February 1, 2017

Dwane L. Tinsley
United States Magistrate Judge