**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**JOSEPH HOWARD,**

    **Plaintiff,**

**v.**             **Case No. 2:13-cv-11006**

**MOCC STAFF MEMBER DANIEL HAHN, et al.,**

    **Defendants.**

**<u>PROPOSED FINDINGS AND RECOMMENDATION</u>**

   This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  Pending before the court is the plaintiff's Letter-Form Motion for Judgment by Default against Cory DiMallo and Lyle Lesher (ECF No. 138) (hereinafter "Motion for Default Judgment").

   For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Motion for Default Judgment (ECF No. 138).  Additionally, for the reasons further addressed herein, it is also respectfully **RECOMMENDED** that presiding District Judge **DISMISS** defendants Cory DiMallo, Lyle Lesher, James McCloud, T.E. Tawes, M.A. Elswick and Officer  Godfrey, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## **PROCEDURAL HISTORY**

This matter is proceeding on the plaintiff's Second Amended Complaint (ECF No. 98), filed on April 29, 2015.  After the resolution by the presiding District Judge of the plaintiff's Motion to Alter or Amend Judgment on March 29, 2016, the undersigned directed the Clerk to issue summonses for each of the individual defendants identified in the Second Amended Complaint, with the exception of defendant James McCloud.[1] Because the plaintiff is proceeding *in forma pauperis*, service of process has been performed on his behalf by officers of the court.  It was known at the time of service of the Second Amended Complaint that defendants Cory DiMallo and Lyle Lesher were no longer employees of the WVDOC; thus, service of their summonses was attempted by certified mail at their last known home addresses, which were provided by counsel for the WVDOC.  However, on April 12, 2016 (DiMallo) and April 25, 2016 (Lesher), respectively, those summonses were returned unexecuted and as unable to forward by the United States Postal Service.  (ECF Nos. 127 and 135).

On June 13, 2016, the plaintiff filed the instant Motion for Default Judgment (ECF No. 138), in which he requests that, pursuant to Rules 55(a) and (b) of the Federal Rules

---

[1] When this matter was proceeding on the plaintiff's First Amended Complaint (ECF No. 12), then-counsel for the defendants, Tim J. Yianne, of Manion Gray Uhl & Hill, accepted service of a summons and the Amended Complaint on behalf of defendant McCloud.  However, the presiding District Judge subsequently dismissed, without prejudice, the claim(s) asserted against McCloud in the Amended Complaint (*See* ECF Nos. 94 and 116).  However, the plaintiff asserted new or modified claims against McCloud in the Second Amended Complaint (ECF No. 98).  At the time of service of the Second Amended Complaint, McCloud was no longer employed by the West Virginia Division of Corrections ("the WVDOC") and no viable address for service of process was known for him.  Service of process on McCloud at the last known address available from the WVDOC had been unsuccessful in other matters filed in this court in which McCloud has been named as a defendant.  Furthermore, based upon the representations of current defense counsel, Mark Browning, of Hendrickson & Long, McCloud's whereabouts are unknown to the WVDOC or any of his clients.  Thus, service of process on McCloud concerning the Second Amended Complaint has not been perfected.

of Civil Procedure, default judgment in the amount of one million dollars each be granted against defendants DiMallo and Lesher.  The plaintiff has also provided an Affidavit in which he asserts that he is entitled to such judgment because "the Court ordered that summonses be served upon the defendants . . . and to date, May 30, 2016, defendants Cory DiMallo and Lyle Lesher have failed to respond." (*Id.* at 2).

On June 16, 2016, counsel for the West Virginia Division of Corrections defendants filed a Response to the plaintiff's Motion for Default Judgment (ECF No. 140).  The Response asserts that DiMallo and Lesher are former employees of the West Virginia Division of Corrections and that their current whereabouts are unknown to the other defendants.  (*Id.* at 1).  The Response further requests that the court deny the plaintiff's Motion for Default Judgment, as these defendants have not been properly served with process.  (*Id.* at 1-2).

## ANALYSIS

### A.    The plaintiff's Motion for Default Judgment.

Rule 55(a) of the Federal Rules of Civil Procedure requires that default be entered by the Clerk when "a party against whom a judgment for affirmative relief is sought" has "failed to plead or otherwise defend and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a).  Furthermore, "Rule [55(b)] of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *see also* Fed. R. Civ. P. 55(b).

The undersigned proposes that the presiding District Judge **FIND** that a default judgment against defendants DiMallo and Lesher is not presently warranted.  The

plaintiff's Motion for Default Judgment was filed prior to proper service of process on those defendants and, thus, they have no obligation to "plead or otherwise defend" against the Second Amended Complaint unless and until they are properly served with process. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff is not presently entitled to entry of default, a default judgment, or for any summary award of the relief demanded in the Second Amended Complaint as it relates to defendants DiMallo and Lesher.

### B.  Dismissal of un-served defendants under Rule 4(m).

Although the court is charged with assisting the plaintiff with service of process under 28 U.S.C. § 1915(d), neither the court, nor the defendants, are required to be advocates for the *pro se* plaintiff. Defense counsel provided the last known addresses for the former WVDOC officers who were unable to be served at MOCC[2] and service at those addresses was unsuccessful. Furthermore, service was also unsuccessfully attempted on the WVSP officers named in the Second Amended Complaint at the WVSP Gauley Bridge Detachment where the plaintiff stated they were employed.

The court has no responsibility to continue to search for the location of these defendants in order to try to perfect service of process for the plaintiff. As noted by another Honorable Judge of this court:

> Notwithstanding the difficulties faced by an incarcerated plaintiff, it is not yet, and cannot become, the role of the courts to track down defendants on behalf of incarcerated plaintiffs. At a minimum, such plaintiffs bear the reasonable burden of identifying some address where service can be properly made. Only upon provision of such information – which is absent here – can the courts execute service.

---

[2] As noted above, the last known address available to the WVDOC for James McCloud is not a current, usable address for him. Consequently, service of the Second Amended Complaint was not attempted at that address and McCloud's current whereabouts are unknown to the defendants or the court.

*Skaggs v. Clark*, No. 3:13-cv-03293, 2015 WL 269154, *3 (S.D. W. Va., Jan. 21, 2015) (Chambers, C.J.).

When the plaintiff's Second Amended Complaint was filed on April 29, 2015, Rule 4(m) of the Federal Rules of Civil Procedure stated as follows:

> Time Limit for Service - If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or <u>on its own initiative after notice to the plaintiff</u>, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).[3]  Because more than 120 days has passed without appropriate service on defendants Cory DiMallo, Lyle Lesher, James McCloud, T.E. Tawes, M.A. Elswick and Officer (Michael) Godfrey, notwithstanding attempted service on those defendants by officers of the court at the last known addresses provided by either the plaintiff or defense counsel, the undersigned proposes that the presiding District Judge **FIND** that these defendants have not been properly served and the claims against them are subject to dismissal under Rule 4(m).

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Letter-Form Motion for Judgment by

---

[3]  Effective December 1, 2015, the period for service under Rule (m) was reduced to 90 days.  However, because the plaintiff's Second Amended Complaint was filed prior to this amendment, the 120-day period was applicable in this case.  The undersigned notes, however, that the court did not order service of process on the defendants named in the Second Amended Complaint until March 29, 2016, following resolution of the plaintiff's Motion to Alter or Amend Judgment (*see* ECF Nos. 96, 116), and the summonses were not issued by the Clerk (ECF No. 120) until March 30, 2016 - after the amendment of Rule 4(m).  In deference to the plaintiff, even applying the longer 120-day time period from the date that the summonses were issued on March 30, 2016, these defendants were not served in that time period.  Thus, they are subject to dismissal, without prejudice.

Default Against Cory DiMallo and Lyle Lesher (ECF No. 138).  It is further respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** defendants Cory DiMallo, Lyle Lesher, James McCloud, T.E. Tawes, M.A. Eslwick and Officer  Godfrey, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  Because Rule 4(m) requires notice to the plaintiff before such dismissal may occur, the plaintiff is hereby **NOTIFIED** that **dismissal of these defendants, without prejudice, may be granted unless, during the objection period described herein, the plaintiff can provide good cause to the presiding District Judge for the failure to properly serve these defendants.**

The parties are **NOTIFIED** that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*,

727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

February 1, 2017

Dwane L. Tinsley
United States Magistrate Judge

7