IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

JOSEPH E. HOWARD,

    **Plaintiff,**

v.                                                                                Case No. 2:13-cv-11006

MOCC STAFF MEMBER DANIEL HAHN, et al.,

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is proceeding only on certain claims contained in the plaintiff's Second Amended Complaint (ECF No. 98).[1] Pending before the court is the plaintiff's Motion for Injunction (ECF No. 148-1), in which he again asks the court to order the West Virginia Division of Corrections ("WVDOC") and PSIMED Corrctions, LLC, both of whom are not defendants in this matter, to provide him with factory sealed meals due to the alleged contamination of his food and drink by unidentified staff or inmates at the Mount Olive Correctional Complex ("MOCC") on or about October 29, 2016.

The Second Amended Complaint (ECF No. 98) alleges that, between May of 2012 and early September 2012, MOCC staff members Daniel Hahn, David Miller and Aaron Sargent, among others who have either been dismissed as defendants or have never been identified, allowed unidentified inmates to put urine, feces, and toilet bowl cleaner into

---

[1] By prior Memorandum Opinion and Orders (ECF Nos. 132 and 153), the presiding District Judge has dismissed the following defendants: the West Virginia Division of Corrections, the West Virginia State Police, Kelly Foster, Cory DiMallo, Lyle Lesher, James McCloud, T.E. Tawes, M.A. Elswick and Officer Godfrey. The remaining claims are pending against defendants Daniel Hahn, David Miller, Aaron Sargent, David Ballard, Jim Rubenstein and Curtis Dixon.

the plaintiff's food and drink on at least 13 occasions. (ECF No. 98 at ¶¶ 2-3). The Second Amended Complaint also contains allegations that Investigator II Curtis Dixon, MOCC Warden David Ballard, and WVDOC Commissioner Jim Rubenstein have stated "Fu*k that old mothefu*ker," when referring to the plaintiff making complaints about his safety and being in danger from other inmates and staff. (*Id.* at 2-3, ¶¶ 4 and 9). The Second Amended Complaint seeks a jury trial and requests monetary damages for physical and emotional injury. However, it does not appear to contain any requests for injunctive relief.

The instant Motion for Injunction states that, unless the plaintiff was provided with factory sealed meals by December 2, 2016, he was going to begin a hunger strike until he was provided with such meals and placed in protective custody. The motion further contends that certain PSIMED and WVDOC employees "have vowed to allow the plaintiff to starve to death if he begins a hunger strike"[2] and that PSIMED and WVDOC employees have told inmates that "they could kill the plaintiff." (ECF No. 148-1 at 1). Thus, the plaintiff also requests placement in protective custody. (*Id.*)

## **STANDARD OF REVIEW**

Rule 65(a) of the Federal Rules of Civil Procedure provides that a court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a). The remainder of the rule addresses the procedure for a hearing on motions for a preliminary injunction and the scope of any such injunction. *Id.*

---

[2] The employees identified in the plaintiff's motion are: (1) Ashley Holtz; (2) Richard Thomas; (3) Shana Coleman; (4) C.O. Martin; (5) C.O. Smith; and "other unidentified MOCC Correctional Security Officers and Medical and Mental Health Staff." (ECF No. 148-1 at 2). By separate Order, the undersigned has denied the plaintiff's Motion to Amend to add these individuals as defendants herein, on the basis that the plaintiff cannot meet the relation back requirement of Rule 15(c) of the Federal Rules of Civil Procedure.

In *The Real Truth About Obama*, 575 F.3d 342 (4th Cir. 2009) (hereinafter "*Real Truth*")[3], the United States Court of Appeals for the Fourth Circuit revisited the standard for granting preliminary injunctions in light of the Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008).  As noted by the *Real Truth* Court:

> A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendente lite* of the type available after the trial.  See In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003); *see also De Beers Consol. Mines, Ltd. V. United States*, 325 U.S. 212, 220-21, 65 S. Ct. 1130, 80 L. Ed. 1566 (1945).  Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by "a clear showing" that, among other things, it is likely to succeed on the merits at trial.  *Winter*, 129 S. Ct. at 376; *see also Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed.2d 162 (1997)(per curiam). * * *
>
> In its recent opinion in *Winter*, the Supreme Court articulated clearly what must be shown to obtain a preliminary injunction, stating that the plaintiff must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Winter*, 129 S. Ct. at 374.  And all four requirements must be satisfied.  *Id.*  Indeed, the Court in *Winter* rejected a standard that allowed the plaintiff to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Id.* at 375-76.

575 F.3d 345-46.

The *Real Truth* decision emphasizes that "the *Winter* requirement that the plaintiff clearly demonstrate that [he] will likely succeed on the merits is far stricter than

---

3   Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case.  *See* 575 F.3d at 345-347.

3

the [*Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977)] requirement that the plaintiff demonstrate only a grave or serious *question* for litigation." *Id.* at 346-47. The *Real Truth* further distinguishes the *Winter* standard from the old *Blackwelder* standard because it no longer requires the court to balance the irreparable harm to the respective parties, but rather requires the plaintiff to make a clear showing that he is likely to be irreparably harmed, and that the court must pay particular attention to the public consequences in employing the extraordinary remedy of an injunction. The Court again emphasized that <u>all four</u> factors must be met in order to justify this extraordinary relief. *Id.* at 347. Thus, the Court stated that the standard articulated in *Winter* would henceforth govern the issuance of preliminary injunctions in all federal courts. *Id.* Therefore, the undersigned will address the plaintiff's motion for preliminary injunctive relief using this standard.

## **ANALYSIS**

In light of the remaining allegations made in his Second Amended Complaint, the plaintiff has not presently demonstrated a right to preliminary injunctive relief under the *Winter* standard, as he has not demonstrated that he is likely to succeed on the merits of his claims. Moreover, the allegations in his Motion for Injunction do not rise above the speculative level. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to demonstrate a right to preliminary injunctive relief.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Motion for Injunctive Relief (ECF No. 148-1).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

May 4, 2017

Dwane L. Tinsley
United States Magistrate Judge