IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**JOSEPH E. HOWARD,**

    **Plaintiff,**

v.                                    Case No. 2:13-cv-11006

**MOCC STAFF MEMBER DANIEL HAHN,
MOCC STAFF MEMBER DAVID MILLER,
MOCC STAFF MEMBER AARON SARGEANT,
MOCC INVESTIGATOR II CURTIS DIXON,
MOCC WARDEN DAVID BALLARD, and
WVDOC COMMISSIONER JIM RUBENSTEIN,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter, which is assigned to the Honorable Thomas E. Johnston, United States District Judge, and referred to the undersigned United States Magistrate Judge for proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B), is proceeding only on certain claims contained in the plaintiff's Second Amended Complaint (ECF No. 98). Pending before the court is the defendant's undisputed Motion for Summary Judgment (ECF No. 160). For the reasons stated herein, it is respectfully **RECOMMENDED** that the defendants' Motion for Summary Judgment (ECF No. 160) be **GRANTED** and that this civil action be dismissed from the docket of the court.

## RELEVANT PROCEDURAL HISTORY

The plaintiff filed his initial Complaint on May 7, 2013, naming as the sole defendant David Ballard, the Warden of the Mount Olive Correctional Complex

("MOCC"), and alleging that Warden Ballard ignored his requests for stationary and mailing supplies to "enable him to litigate a claim asserting that prison staff were putting harmful substances in his food and drink." (ECF No. 2 at 2). The plaintiff subsequently filed several other documents which combined issues concerning this matter and another civil action filed by the plaintiff in this court. Following a status conference before the undersigned United States Magistrate Judge, the plaintiff was permitted to file an Amended Complaint, which was docketed on December 12, 2013. (ECF No. 12).

The Amended Complaint, which was verified under penalty of perjury, alleged that MOCC employees were involved in a conspiracy to murder him by placing harmful contaminants in his food and drink. However, the Amended Complaint did not identify the specific MOCC employees who had allegedly engaged in such conduct. The Amended Complaint further alleged that the West Virginia State Police ("WVSP") investigated and confirmed his allegations of food tampering, but failed to disclose to the plaintiff the names of those allegedly involved. (*Id.* at 1-2). The Amended Complaint further alleged that the plaintiff "suspects" that Warden Ballard, Commissioner Jim Rubenstein and Captain of Security James McCloud were also engaged in the conspiracy to "cover up the atrocious and heinous acts." (*Id.* at 3).

On March 31, 2015, the presiding District Judge entered a Memorandum Opinion and Order granting a Motion to Dismiss filed by the West Virginia Division of Corrections ("WVDOC"), Jim Rubenstein, David Ballard and James McCloud. (ECF No. 94). However, upon a motion by the plaintiff, the presiding District Judge subsequently reconsidered his Memorandum Opinion and Order and specified that the dismissal of

those defendants was without prejudice as to the claims raised in the plaintiff's Second Amended Complaint, which was filed on April 29, 2015.[1] (ECF Nos. 98, 116).

The Second Amended Complaint (ECF No. 98) alleges that, between May of 2012 and early September 2012, MOCC staff members Daniel Hahn, David Miller and Aaron Sargent, among others who have either been dismissed as defendants[2] or have never been identified, allowed unidentified inmates to put urine, feces, and toilet bowl cleaner into the plaintiff's food and drink on at least 13 unspecified occasions. (ECF No. 98 at ¶¶ 2-3). The Second Amended Complaint also contains allegations that Investigator II Curtis Dixon, MOCC Warden David Ballard, and WVDOC Commissioner Jim Rubenstein have stated "Fu*k that old mothefu*ker," when referring to the plaintiff making complaints about his safety and being in danger from other inmates and staff. (*Id.* at 2-3, ¶¶ 4 and 9). The Second Amended Complaint seeks a jury trial and requests monetary damages for physical and emotional injury.

After the parties were afforded time for discovery, the defendants filed the instant Motion for Summary Judgment (ECF No. 160), asserting that the plaintiff has failed to demonstrate any evidence, let alone evidence sufficient to create a genuine issue of

---

[1] The Second Amended Complaint, which was not verified by the plaintiff, named several new defendants, including officers of the WVSP and correctional officers employed at MOCC. It also added new allegations against the defendants who had been dismissed from the Amended Complaint. The Second Amended Complaint is the operative document upon which this matter is now proceeding. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (citing *Crysen/Montenay Energy Co. v Shell Oil Co. (In re Crysen/Montenay Energy Co)*, 226 F.3d 160, 162 (2d Cir. 2000); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (2d Ed. 1990) (generally, an amended pleading supersedes the original pleading and renders it of no legal effect); *see also White v. Turner*, 671 F. App'x 162 (4th Cir. Dec. 15, 2016), *pet. for cert. filed*, No. 16-8906 (Apr. 10, 2017) (finding that district court properly treated pro se prisoner's amended complaint as superseding original complaint).

[2] By prior Memorandum Opinion and Orders (ECF Nos. 132 and 153), the presiding District Judge previously dismissed the following defendants from the Second Amended Complaint: the WVDOC, the WVSP, Kelly Foster, Cory DiMallo, Lyle Lesher, James McCloud, T.E. Tawes, M.A. Elswick and Officer Godfrey. The remaining claims are pending against defendants Daniel Hahn, David Miller, Aaron Sargent, David Ballard, Jim Rubenstein and Curtis Dixon.

material fact, concerning his claims. Their Memorandum of Law in support of their Motion for Summary Judgment states:

> Despite all of these allegations made by the Plaintiff, however, there never appears to be any frank discussion by the Plaintiff as to his source(s) of proof that such actions were ever taken against him by the Defendants. No alleged dates of medical care provided or any reports by health care providers or physicians have ever been identified that would speak directly and succinctly to the allegations brought by the Plaintiff. Instead, this case merely consists of the Defendant [sic; Plaintiff] authoring various types of documents to several individuals that he has been poisoned through the ingestion of his own urine and feces. Furthermore, all of this is alleged to have taken place through the conspiracy of a number of individuals employed by the DOC and, in some cases, other inmates. However, these Defendants cannot shed additional light on these allegations except to state that they are unfounded and not provable, as they are nothing more than rants and ramblings by an obviously disturbed individual.

(ECF No. 161 at 2-3). The Memorandum of Law further contends that the statements made by the plaintiff in the documents produced in discovery exhibit nothing more than the plaintiff's own fanciful delusions, stating:

> These particular documents contain vague references to the Plaintiff's allegations of "urine, feces, and other contaminants in his food and drink" but also contain additional allegations about an international terrorist plot against the Plaintiff, the Mount Olive Correctional facility, and West Virginia in general, by Iran.   * * *
>
> [T]he documents provided by the Defendants to this Court illustrate that the Plaintiff herein has very serious problems and unsupported ideas and notions of how he is being treated while incarcerated at the Mount Olive Correctional Complex. These allegations are quite simply best characterized as fantasy. Based upon the totality of these circumstances, the Plaintiff has simply failed to state a valid claim upon which relief may be granted.

(*Id.* at 3-4).

On April 6, 2017, pursuant to the holding of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was notified of his right and obligation to file a response to any motion for summary judgment filed by the defendants, submitting affidavits or

statements subject to the penalties of perjury, exhibits, or other legal or factual material supporting his position in the case. (ECF No. 155). The plaintiff was also advised that a failure to respond to such a motion may result in entry of summary judgment denying the relief sought in the Complaint and dismissing the suit. (*Id.*) Despite these warnings, the plaintiff failed to file any response to the defendants' motion. Thus, the defendants' motion is undisputed. This matter is ripe for adjudication.

## **STANDARD OF REVIEW**

In evaluating summary judgment motions, Rule 56(a) of the Federal Rules of Civil Procedure provides:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a) (2010). Material facts are those necessary to establish the elements of a party's cause of action. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. *Id.* The moving party has the burden of establishing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. *Overstreet v. Kentucky Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir. 1991).

Rule 56(c)(1) of the Federal Rules of Civil Procedure provides that:

> A party asserting that a fact cannot be or is genuinely disputed, must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Subsection (e) of Rule 56 provides that, if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, the court may: (1) give the parties an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and undisputed supporting materials show that the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

A court must not resolve disputed facts or weigh the evidence, and may not make determinations of credibility. *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995); *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and to have all internal conflicts resolved in his or her favor. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, the party opposing the motion may not rely upon mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Sprenkle v. Hartford Life Ins. Co.*, 84 F. Supp. 2d 751 (N.D. W. Va. 2000).

## **ANALYSIS**

The plaintiff's Second Amended Complaint alleges that the remaining defendants, in their individual capacities, were negligent and deliberately indifferent to his safety by failing in their duty to protect him from abuse by inmates and staff and to provide him with humane conditions of confinement. (ECF No. 98 at 5). Therefore, the plaintiff contends that the defendants' conduct violated the Eighth Amendment of the United States Constitution, Article III, § 5 of the West Virginia Constitution[3], and West Virginia tort law. (*Id.*)

The plaintiff's Eighth Amendment claim is governed by 42 U.S.C. § 1983, which provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To successfully establish a section 1983 claim "a plaintiff must allege

---

3  To the extent that the plaintiff's Second Amended Complaint seeks monetary damages from the defendants for an alleged violation of Article III, § 5 of the West Virginia Constitution, which contains the State's prohibition against cruel and unusual punishment equivalent to that governed by the Eighth Amendment, the plaintiff has been advised in a previous opinion by the presiding District Judge that Article III of the West Virginia Constitution does not give rise to claims for monetary damages and no independent state statute authorizes money damages for violations of the West Virginia Constitution. *See McMillion-Tolliver v. C.O. Kowalski,* 2014 WL 1329790 at *2 (S.D. W. Va., Apr. 1, 2014) (Goodwin, J.)*; Smoot v. Green,* 2013 WL 5918753 at *4 (S.D. W. Va., Nov. 1, 2013) (Copenhaver, J.) *(*citing *Harrah v. Leverette,* 271 S.E.2d 322, 324 (W. Va. 1980). (ECF No. 94 at 7). Thus, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's claims for relief under Article III, § 5 of the West Virginia Constitution fail as a matter of law.

the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Here, the plaintiff alleges that the defendants' conduct violated the Eighth Amendment of the United States Constitution.

In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" This is a low standard. The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" *Id.* at 833.

"An inmate's Eighth Amendment claim involves a subjective component and an objective component." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008); *see also Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996) ("Determination of whether the Eighth Amendment has been violated requires analysis of subjective and objective components.") (citing *Wilson v. Seiter*, 501 U.S. 294, 302 (1991)). "Specifically, Eighth Amendment analysis necessitates inquiry as to whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Williams*, 77 F.3d at 761; *see also Wilson*, *supra*, 501 U.S. 294 (Prisoner claiming that his conditions of confinement violate the Eighth Amendment must show that prison officials had a culpable state of mind). Negligent conduct does not rise to the level of a constitutional deprivation. *See Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987).

The plaintiff has also alleged that the defendants acted negligently in failing to protect him from abuse and ensure humane conditions of confinement. In order to prove a state law claim of negligence, the plaintiff must demonstrate (1) that a defendant owed the plaintiff a duty; (2) that the negligent acts or omissions of the defendant breached that duty; and (3) that the plaintiff was proximately injured by the breach of duty. *See Wheeling Park Comm'n v. Dattoli*, 787 S.E.2d 546, 551 (W. Va. 2016).

The defendants' undisputed motion asserts that there is an absence of credible evidence to demonstrate any specific conduct by the individual defendants, or any specific injury allegedly suffered by the plaintiff therefrom, in order to support his claims for relief. In short, the plaintiff has offered nothing more than the bare allegations in the Second Amended Complaint, which the defendants assert are fanciful, at best, and unsupported by any specific facts. Thus, the defendants contend that there is no <u>genuine</u> issue of material fact and that they are entitled to judgment as a matter of law on the plaintiff's claims against them. Their Memorandum of Law states:

> The remaining Defendants herein, all of whom are moving for summary judgment, acknowledge and understand that the Plaintiff has made allegations that various individuals have placed substances in his food. However, the Plaintiff has offered no evidence that he has ever become seriously ill, received medical treatment, been hospitalized, or suffered any long-term effect of any kind from these alleged acts. No individual has submitted an affidavit corroborating the Plaintiff's testimony.

(ECF No. 161 at 6). The plaintiff has not disputed these contentions.

The plaintiff has had more than four years to develop his case and has been provided ample opportunity to gather sufficient evidence to support his claims. Nevertheless, he has failed to present any evidence to demonstrate the essential elements of his claims for relief. The plaintiff has not established any evidence to support a finding

that any of the remaining defendants were deliberately indifferent to a serious risk to his safety, or that any negligent acts or omissions of the defendants proximately caused actual injury to the plaintiff.

Consequently, the defendants' assertion that there is an absence of evidence to support the plaintiff's claims is well taken. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, taking the evidence of record in the light most favorable to the plaintiff, there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law on each of the plaintiff's claims against them.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendants' undisputed Motion for Summary Judgment (ECF No. 160) and dismiss this matter from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the

Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

July 7, 2017

Dwane L. Tinsley
United States Magistrate Judge